## Muhlenberg County v. Ray, et al.

(Decided June 22, 1926.)

### Appeal from Muhlenberg Circuit Court.

1. Eminent Domain—County Held Liable for Cost of Right of Way for any County or State Highway Though Acquired at Instance of State Highway Commission (Ky. Stats., Section 4356t-7).— Under Ky. Stats., section 4356t-7, providing that cost of acquiring right of way be paid not out of state road fund, but by the county, and providing for condemnation of right of way for benefit of state highway commission to be paid for by county, county is liable for costs of rights of way obtained for any county or state highway, though acquired at instance of state highway commission.

2. Highways.—Where land was taken for highway without permission of, or compensation to, owners, they are entitled to maintain action for damages, though they failed to institute an action to restrain the construction of the highway at the outset.

3. Highways.—Neither state highway commission nor county has any right to appropriate the lands of an individual for highway purposes without his consent, except by condemnation proceedings, as provided by Ky. stats., section 4356t-7.

4. Eminent Domain.—Plaintiffs suing for damages for wrongful taking of land for public highway have burden of showing title in themselves.

5. Eminent Domain—Evidence that Plaintiffs, Suing for Damages for Taking Their Land for Highway, had Paper Title, and had Been in Adverse Possession for More than 15 Years, Held to Sustain Finding that They had Title.—Evidence that plaintiffs, suing for damages for wrongful taking of land for highway, had paper title,

and, with predecessors in title, had been in actual, open, adverse, continuous, and uninterrupted possession, claiming the whole to well-marked boundaries for more than 15 years, held to sustain finding that they had title.

6. Eminent Domain.—Whether state highway department or county took land for public highway, county is liable for reasonable cost, under Ky. Stats., section 4356t-7.

7. New Trial—In Action for Wrongful Taking of Two Lots for Highway, Refusing Motion for New Trial Asked on Ground that Defendant, at Time of Trial, was Unaware that One Lot was Deeded to One Plaintiff Individually and Other to Plaintiffs, Jointly, Held Not Error.—In action for damages for wrongful taking of two lots for highway, refusing motion for new trial, asked on ground that defendant did not know at time of trial that one lot was deeded to one plaintiff individually and the other deeded to plaintiffs jointly, held not error, where there was no attempted concealment of deeds.

WILKINS & SPARKS for appellant.

W. S. HOLMES for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellees, Ray and wife, claiming to be the owners of two city lots in Central City, instituted this action in the Muhlenberg circuit court, against Muhlenberg county and the city of Central City, to recover damages for the wrongful taking of a right of way for a public highway sixty feet wide by 110 feet long, over and through their lots, and were awarded $750.00 against the county by a jury. From the judgment entered upon that verdict this appeal is prosecuted. For the county it is now insisted that no cause of action existed or was alleged or proven against it in favor of the Rays, or either of them, because, as its counsel say, it is not shown that the county took possession of the right of way or appropriated it to the use of the public. Admittedly the highway leading from Owensboro to Smithland, being project No. 10 of the primary system of the state, was laid out, graded, constructed and completed over and across the two lots claimed by appellees, and the highway now runs over and across and through the said lots and is now turned over to and constantly being used by the public as a part of the public road system of Muhlenberg county and of the state. By section 4356t-7 it is provided: "No portion of the cost of acquiring any necessary land or right of way, except a temporary right of way, nor any part of any

damages incurred, awarded or paid, shall be paid out of the state road fund, but all cost of acquiring any necessary land or right of way and any damages incurred, awarded or paid shall be paid by the county out of its general fund.'' The same section provides for the condemnation of rights of way in the name of the Commonwealth for the use and benefit of the State Highway Commission to be paid for by the county out of its general funds. Obviously the county is liable for the cost of all rights of way obtained for the construction of any county or state highway, whether on a trunk line highway or merely a link in the primary system, and this, too, although right of way is acquired at the instance of the State Highway Commission. This being true, it only remains to be determined whether the Rays were the owers of the lots over and through which the right of way was appropriated by the county and Highway Commission in the construction of the roads and how and by what right Muhlenberg county and the State Highway Commission entered upon the lots of appellees and appropriated the right of way upon which the highway is now constructed and maintained for the use of the public. If, as contended by the Rays, the right of way was taken for the highway without their permission and without making due compensation to the owners thereof, then the Rays are entitled to maintain this action for damages, even though they failed to institute an equitable action for injunction to restrain the construction of the road at the outset. The State Highway Commission nor the county of Muhlenberg has any right to take and appropriate the lands of an individual, without his consent, for highway purposes except by condemnation proceedings as provided in section 4356t-7, Kentucky Statutes, to which we have referred.

Appellant's claim that appellees did not show title in themselves to the lots described in the petition is without foundation. The evidence shows with reasonable certainty that the Rays and their predecessors in title had and have been in the actual, open, adverse, continuous and uninterrupted possession of the two lots in question, claiming the whole thereof to well marked and established boundaries for more than fifteen years next before the highway department appropriated the same, and began the construction of the highway. There is also evidence in the record to show that appellees have paper

title to both the lots. As plaintiffs, it was incumbent upon them to show title in themselves and they have fully discharged that obligation.

But it is insisted by the county that it did not take and appropriate the ground of appellees as a right of way for the highway, but suggests that the trespass and wrongful taking was by the engineers of the State Highway Department or by the highway department itself. In either event the county is liable for the reasonable cost of the right of way thus appropriated for public road purposes. The State Highway Commission is authorized to lay out and construct highways through the various counties, the cost of the right of way to be paid by the county through which the road is constructed. When the state or the county, or both, without right or permission, take and appropriate land of an individual for right of way upon which to construct a highway and thereafter employ the land thus taken for the purpose for which it was appropriated, by placing upon it a public highway and turning it over to the use of the public, the county is estopped to deny its liability for the reasonable value of the lands taken, with incidental damages to the balance of the tract. There is no escape from this.

In its motion and grounds for new trial the county set out that at the time "of the trial of the case it had not discovered that the plaintiff, M. F. Ray, who was a witness and testified on the trial of the case, will testify to the following facts: that one of the lots referred to in his petition is deeded to him individually and the other referred to in the petition is deeded to him and his wife, jointly," and that another witness would testify to the same facts. There was no concealment or attempted concealment of the deeds by the Rays. Appellee, M. F. Ray, while testifying as a witness was not asked concerning his deeds although he was cross-examined by counsel for appellant county. Moreover, both appellees M. F. Ray and his wife were parties plaintiff to the action, and we can not see how it could have been to the disadvantage of the county to try both the claim of the husband and the wife for damages in one action, both plaintiffs being concluded by the result. We find no merit in either of appellant's contentions.

Judgment affirmed.