## Metcalf v. Lyttle, County Judge, et al.

(Decided April 22, 1927.)

### Appeal from Clay Circuit Court.

1. Eminent Domain.—Where state highway commission took strip of plaintiff's land for right of way without his knowledge or consent, and county accepted road, using it continuously as highway, county was liable for market value of land taken and damages to residue of property, under Constitution, section 13, providing property cannot be taken without compensation, and Ky. Stats., section 4356t-7, directing cost of acquiring right of way to be paid by county.

2. Eminent Domain.—In suit by property owner for damages as result of state highway commission's taking portion of his land without his consent and turning it over to county for roadway, no recovery could be had against members of fiscal court.

A. D. HALL, ROY W. HOUSE and J. W. STIVERS for appellant.

D. Y. LYTTLE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY— Affirming in part and reversing in part.

Claud Metcalf brought this suit against the county judge and other members of the fiscal court of Clay county to recover damages for land taken for highway purposes. A demurrer having been sustained to the petition, an amendment was filed, making Clay county a party. The defendants again interposed a demurrer, which was sustained, and the petition, as amended, was dismissed. Plaintiff appeals.

Briefly stated, the facts alleged in the petition are these: Project No. 30 of the primary system of highways runs from Richmond to Pineville by McKee, Manchester, and Red Bird. In 1923, 1924, and 1925, the state highway commission surveyed, located, graded, and constructed that portion of project No. 30 beginning at Little Goose creek, northwest of Manchester, and running to Burning Springs, in Clay county. In doing this the state high-

way commission took for its right of way and roadbed a strip of land 306 yards long and 60 feet wide belonging to plaintiff. It also took other portions of plaintiff's land for the purpose of constructing ditches. Plaintiff owned the land in fee simple, and the land was taken without his knowledge or consent. It was the duty of Clay county to have acquired the right of way and appurtenances necessary for construction of Project No. 30 and to have paid for same. This it failed to do, but, nevertheless, it accepted the road, and has since used it continuously as one of its highways and chief arteries of traffic. For these reasons the county is indebted to plaintiff in the sum of $425.00, the fair market value of the land taken, and for $200.00 damages to the remainder of the land.

Section 13 of our Constitution provides:

"No person shall, for the same offense, be twice put in jeopardy of his life or limb, nor shall any man's property be taken or applied to public use without the consent of his representatives, and without just compensation being previously made to him."

Under section 4356t-7, Kentucky Statutes, rights of way for highway purposes may be acquired by condemnation proceedings in the name of the commonwealth for the use and benefit of the state highway commission, or they may be acquired by agreement between the state highway commission and the landowner, to be approved by the county attorney. In the same section is the following provision:

"No portion of the cost of acquiring any necessary land or right of way, except a temporary right of way, nor any part of any damages incurred, awarded or paid, shall be paid out of the state road fund, but all cost of acquiring any necessary land or right of way and any damages incurred, awarded or paid shall be paid by the county out of its general fund."

Another provision is as follows:

"They shall have the power to agree with any landowner as to the value of the right of way and if the agreement reached is approved by the county

attorney the fiscal court shall enter an order direct-ing the payment of the amount agreed upon to the landowner, and a record of said agreement shall be spread upon the records of the county court.''

Construing section 4356t-7 in the light of the Consti-tution, we held, in Muhlenberg County v. Ray, 215 Ky. 295, 284 S. W. 1074, that, except by condemnation pro-ceedings as therein provided, neither the state highway commission nor the county had the right to appropriate the lands of another for highway purposes without his consent. We also held that the county was liable for the cost of rights of way obtained for any county or state highway, though acquired at the instance of the state highway commission, and that, where land was taken for highway purposes without the permission of, or compen-sation to, the owner, he is entitled to maintain an action for damages, although he failed at the outset to institute an action to restrain the construction of the highway.

As that case is conclusive of the liability of the county under the facts stated in the petition as amended, it follows that the county's demurrer to the petition should have been overruled.

As the sole purpose of the suit was to recover dam-ages, and the members of the fiscal court are not liable therefor, it follows that their demurrer was properly sus-tained.

Wherefore the judgment is affirmed as to the mem-bers of the fiscal court, and reversed as to the county, and the cause remanded for proceedings consistent with this opinion.