## Perry County v. Riley.

(Decided April 27, 1937.)

**326**

D. B. WOOTON and D. G. BOLEYN for appellant.

C. A. NOBLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Andrew J. Riley brought this suit against Perry County to recover damages for injury to his land, caused by the construction of a highway. From a verdict in his favor for $500, Perry County appeals.

The facts are: On January 17, 1929, Allen Riley, father of appellee, Andrew J. Riley, conveyed to the State Highway Commission a right of way for a highway through his land lying in Perry County on the eastern bank of the middle fork of the Kentucky river. The consideration was "the benefits to be derived by the party of the first part from the improvement of a public road leading from Chavies to Buckhorn, also the sum of Five Hundred ($500.00) Dollars." The deed also contained the following provision:

> "It is further agreed and understood by the parties hereto, and is a part of the consideration for this conveyance, that second party, viz: State Highway Commission, is to use and occupy the land hereby conveyed for a State Highway, and the construction thereof, which will be built and constructed under the laws of the State of Kentucky."

Thereafter Allen Riley died, and by appropriate proceedings his land was divided among his children. In the division appellee was allotted that portion of the land through which the highway was constructed. The river was the western boundary of the Allen Riley farm. A large drain ran through the Andrew J. Riley tract across a fertile bottom and emptied into the river.

North of the drain appellee constructed a dwelling house, and converted the bottom land into a garden. When constructed, the highway ran over the garden and across the drain and river to the western bank. For the construction of the highway across the garden and bottom lands a large fill was necessary and was built across the drain with no provision for the outflowing water. In its plans the Highway Commission provided for a large ditch parallel with the fill. After the digging of the ditch on the line of the right of way, appellee's land was left without any lateral support, and the subsequent rains caused a portion of his bottom land and garden to wash away.

The petition asked damages in the sum of $2,000 for the land destroyed, and $1,500 damages to cover the cost of erecting a retaining wall for the future protection of the lands. The petition charged that all of the damages were "the direct and proximate result of the negligence and imprudent plans and construction of the highway." On the trial the parties stipulated that the highway was constructed by the contractor according to, and in accordance with, the prudent plans and specifications of the State Highway Department surveying for this particular piece of road through plaintiff's land. There was evidence supporting the allegations of the petition. The instruction authorized a finding for plaintiff if the jury believed from the evidence that, in the construction of the highway, "there was cut through the lands described in the petition a ditch, and the natural flow of a branch diverted and run through that ditch over and against the lands of plaintiff, and that the lands of plaintiff were cut and washed away by reason thereof."

It is insisted on behalf of appellant that not only should the demurrer to its answer have been overruled, but that its motion for a peremptory instruction should have been sustained on the ground that, in the circumstances, there was no liability. The argument is that a person who, for cash and contemplated benefits, conveys to the Highway Commission a tract of land to be used for a public road, cannot recover from the county damages for injuries to the remaining land thereafter caused by the negligence of the commission, or the construction of the road according to the commission's plan.

Under our statute the cost of acquiring rights of

way for highway purposes "and any damages incurred, awarded or paid," is placed on the county. Section 4356t-7, Kentucky Statutes. If the land be condemned, the county pays the compensation awarded. If the land be taken without condemnation and without the owner's consent, the county is liable for the damages. If the land be purchased, the county pays the purchase price. Muhlenberg County v. Ray, 215 Ky. 295, 284 S. W. 1074; Metcalfe v. Lyttle, 219 Ky. 488, 293 S. W. 979. Here the land was purchased and the county paid the purchase price. The consideration was "$500.00 and the benefits to be derived by the party of the first part from the improvement of the public road leading from Chavies to Buckhorn." The question for determination is, whether the county, having provided and paid for the right of way, is liable for any further injury done to the remaining land of the grantor? Where the right of way is purchased, the compensation includes the same elements of damage as if the land had been condemned. Where the land is condemned for road purposes, the measure of damages, in the absence of additional fencing or other improvements made necessary by the taking, is the reasonable market value of the strip of land taken, considered in relation to the entire tract, and also the diminution in the reasonable market value of the remainder of the tract directly resulting by reason of the situation and shape in which it is placed by the taking of said strip, but not exceeding in all the difference between the market value of the whole tract immediately before and the reasonable market value of the remainder immediately after the taking, deducting from both estimates any enhancement of the value of the remainder by reason of the building and use of the road. Logan County v. Davenport, 214 Ky. 845, 284 S. W. 98. In Fallis v. Mercer County, 236 Ky. 315, 33 S. W. (2d) 12, Mrs. Fallis had conveyed to the State Highway Commission a strip of land for road purposes by deed similar to the one here involved. After the road was constructed, the Highway Commission raised the grade above the level of the Fallis property so as to interfere with the ingress and egress. For the resulting injury, Mrs. Fallis sought damages. It was held that the compensation paid covered all damages, past, present, and prospective, which resulted or might naturally and reasonably result from the careful and skillful exercise of the power, and that the grantor was entitled to no fur-

ther damages, there being no negligence. In the case of Snyder v. Whitley County, 255 Ky. 741, 75 S. W. (2d) 373, the right of way was acquired under a deed like the one here involved. After the construction of the road the property owner sought damages for the injury to his land caused by removal of the lateral support from the remainder of the land and other damages. It was held that no recovery could be had in the absence of bad faith or negligence. In the case of Jones v. Louisville & N. R. Co., 233 Ky. 152, 25 S. W. (2d) 31, 32, it was held that a county which had furnished the right of way for a public highway was not liable for damages resulting to the property owner for the flooding of his property due to the careless way in which the highway was constructed by the State Highway Commission. In reaching this conclusion, the court said:

> "True it is that, under the statute, it was the duty of the county to procure a right of way for the state highway commission, and if, in constructing the highway, it had been necessary or perhaps even proper so to construct the culvert as to throw water upon appellant's lot, McLean County might, under the principle of the case of Perry County v. Townes, 228 Ky. (608) 609, 15 S. W. (2d) 521, be liable because of its duty to furnish a right of way. Yet, where the right of way was furnished, and the damage caused the appellant was due to the careless way in which the highway was built, McLean county could not be liable. It did not construct the highway. The negligence was not its negligence. The duty to furnish the right of way did not include insurance against the negligence of the highway department."

In the more recent case of Barass v. Ohio County, 240 Ky. 149, 41 S. W. (2d) 928, 929, Ohio County furnished and paid for the right of way for a public highway. Long after its construction the property owner sued to recover damages. It was charged that the contractor, acting under the authority of the commission, had negligently constructed the fill with only two openings, which were not sufficient for the free passage of water from Rough river and his lands according to its natural flow. It was charged that by reason of this negligent construction water was caused to collect and flow with great force over and across his land, washing

the soil and creating ditches through it. In holding that the county was not liable to the property owner for the commission's negligence in the construction of the highway, the court, after quoting the above language from Jones v. Louisville & N. R. Co., supra, said:

"The action is purely one for alleged negligent construction and maintenance of the road by the state highway commission. There is no averment whatsoever of any negligence on the part of the county. Certainly the county cannot be held liable therefor. It is responsible under the statute for the taking of and injury to property in the necessary and proper construction of a road by the commission, but nowhere is a right of action given against a county for improper or negligent use or the creation of a nuisance by the commission."

Analyzing the foregoing cases, we find that it was held in Fallis V. Mercer County, supra, and Snyder v. Whitley County, supra, that there could be no recovery against the county in the absence of negligence. As no question of negligence was involved, it is apparent that the court used the language employed in the opinions out of abundant precaution, for, when the question was directly presented in Jones v. Louisville & N. R. Co., supra, and Barass v. Ohio County, supra, the court held that the county was not liable for damages caused by the negligence of the Highway Department. In the present case the recovery is asked on the ground that those who constructed the highway "negligently and imprudently failed to provide for, or build, a culvert, or any means of outflow to take care of a large drain or branch which ran through said lands," etc. The petition also charges that all the damages "were and are the direct and proximate result of the negligence and imprudent plans and construction of the highway," etc. Therefore, the case is one where damages were sought for the negligence of the Highway Department, and it cannot be distinguished in principle from the cases of Jones v. Louisville & N. R. Co., supra, and Barass v. Ohio County, supra. It follows that the county's motion for a peremptory instruction should have been sustained.

Judgment reversed, and cause remanded for a new trial not inconsistent with this opinion.

Whole court sitting.