## Bates' Adm'x et al. v. Menifee County.

(Decided May 6, 1938.)

JAMES DEEM and H. H. RAMEY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellants and plaintiffs below (one of whom,

Lettie Bates, is the widow and administratrix of her deceased husband, M. V. Bates, and the others are his children and heirs at law), filed this ordinary action in the Menifee circuit court against Menifee County, seeking the recovery of a judgment against it as alleged damages in the sum of $2,000 sustained because of the alleged failure of defendant to comply with the consideration of a deed executed by the decedent, M. V. Bates, and wife on July 15, 1926, to the State Highway Commission, the husband having died intestate two years thereafter in 1928, and the widow being appointed his administratrix. The deed so executed purported to convey a strip of land 30 feet wide through a 5-acre tract owned by decedent to the Highway Commission for the purpose of straightening and reconstructing a former state aid built highway from Mt. Sterling, Ky., to Frenchburg, Ky., and thence eastward throughout the state, and which was then known as the Garrett highway.

Decedent owned another tract of land nearby and possibly adjacent to the 5-acre tract upon which was located his residence, which was the second story of a two-story frame building thereon, in the first floor of which he conducted a retail merchandise business. He also had surrounding his residence usual outbuildings. The place where those buildings were located was in the bottom or valley adjacent to the east fork of Slate creek, and which also appears to be true as to the 5-acre tract over which the newly acquired right of way was obtained. The executed deed contained the alleged obligations which the petition averred had not been complied with by the defendant, county, and because of which plaintiffs sustained the damages sought to be recovered. It is, therefore, an ex contractu action based exclusively upon alleged violations of the terms of the deed. The only vendors therein are M. V. Bates and wife, Lettie Bates, and the only vendee is the State Highway Commission, which is the "party of the second part," the vendors composing the "party of the first part." The obligatory portion of its covenants, which are charged to have been violated, are thus stated therein: "That the said party of the first part in consideration (of) making passway from the store house and dwelling to the said Highway and a fill to prevent high water from overflowing store where first party now lives, if necessary, also to rewall well with

cement, if Highway interfere with same, and also fence all with woven wire fencing on both sides and any damage done to the land or growing trees, of the benefits to be derived by the party of the first part from the improvement under Federal State Aid of a public road leading from Frenchburg to Mt. Sterling does hereby sell, grant and convey to the party of the second part, its successors and assigns, the following described property, viz.''; etc.

The original petition, which was filed on August 20, 1930, averred as plaintiffs' cause of action—''That the defendant, County, acting under the terms and in its endeavor to perform the covenants thereof upon its part undertook to build *said approach* from said property to said Highway, and in so doing made an immense fill without providing any drainage through or under same and other embankments along side the property of the plaintiffs, and in so doing diverted the water from said East Fork of Slate Creek over and on to the land and improvements of the plaintiff and caused same to collect into a great body or volume and inundated said buildings and improvements and overflowed same and overflowed said stock of merchandise, and therefore damaged and injured the plaintiffs in the sum of $2000.00, all of which is a just and past due demand and no part thereof has at any time been paid.'' (Our italics.)

It will be observed that the complaint therein made consisted only of the failure to provide drainage through and under ''said approach'' to the newly altered highway, running from it to plaintiffs' residence and store building. No other violation of the terms of the alleged deed were made in that pleading. The case then went to sleep and was not aroused until April 10, 1934 (except by orders of continuance and ''passing'' it), when defendant filed a demurrer thereto which was sustained on September 21 of that year. The case then returned to its sleeping couch and was unmolested for two years when plaintiffs on September 16, 1936, filed an amended petition in which they alleged: ''The defendant failed and refused to build necessary embankments, fills and to make the said approach to said Highway and provide the necessary drainage for water accumulating upon said land, but diverted the water from its natural course and caused same to collect in great volume upon the lands of the plaintiffs, inundate

the buildings situated thereon, overflow same and the stock of merchandise in the store building, household fixtures, etc., and thereby caused the damage and injury complained of in the petition.'' Defendant then demurred to the petition as amended, which the court sustained on March 28, 1937, and, plaintiffs declining to plead further, their action was dismissed, to reverse which they prosecute this appeal.

Section 4356t-7 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes—and which was also in force at the time of making the alleged deed here involved—provides for the condemnation of rights of way for state highways to be prosecuted in the name of the State Highway Commission, and that when the damage to the land owner is so ascertained and the right of way accepted by the Highway Commission, the county in which the land lies and through which the road runs shall pay to the landowner the amount of the damages recovered. The statute also says: ''They [Highway Commission] shall have the power to agree with any landowner as to the value of the right of way and if the agreement reached is approved by the county attorney the fiscal court shall enter an order directing the payment of the amount agreed upon to the landowner, and a record of said agreement shall be spread upon the records of the county court.''

The original petition did not aver or point out that the deed forming the basis of plaintiffs' action had been obtained in that manner, and the amended petition strongly indicated (and we think effectually so) that it was not obtained in that manner, since it is therein averred, that on and prior to the date of the deed ''Menifee County, had in process of negotiation through its duly authorized and designated representatives and agents, including Hon. D. R. Pieratt as County Attorney, the acquiring of rights of way for said Highway No. 40, and that at said time, to-wit: July 15, 1926, completed the negotiations with said decedent Bates and his wife for the right of way,'' etc. The terms, resulting from such negotiations, were those placed in the deed as hereinbefore inserted. It will be observed that it nowhere appears in any of plaintiffs' pleadings (but rather disappears, as we have pointed out) that the Highway Commission ever took part in the negotiations for the acquisition of the right of way by contract, and without condemnation proceedings.

Neither was there ever any order entered on any of the records of the fiscal court of Menifee County expressly directing or otherwise approving the obligations imposed by the deed and alleged to have been violated by Menifee County through its fiscal court. On the contrary, it is strongly inferable that only the county attorney agreed to the conditions set forth in the deed, and procured its execution independently of any participation by the State Highway Commission, or the fiscal court of the county.

Our opinions cited in the notes to the section of the statute referred to (section 4356t-7) clearly point out and hold that unless the directions set forth in the statute to be followed in the acquisition of rights of way *by deed* are followed the county does not become obligated to comply therewith, and that interpretation of the statute is particularly emphasized in the two cases of Holbrook v. Letcher County, 223 Ky. 597, 4 S. W. (2d) 382, and Postleweighte v. Towery, 258 Ky. 468, 80 S. W. (2d) 541, 542. It might be insisted that such an interpretation of the statute is an extremely technical one and that its terms should not be so mandatorily construed. But that insistence fails to duly appreciate the consequences of what might follow if the statutory directions were not strictly observed. In the first place, those representing the Highway Commission in such negotiations are ordinarily far better experienced and qualified to guard and protect the interests of the parties than are, at least, a great majority of county attorneys and, perhaps, also more so than the members of fiscal courts. Nevertheless the statute does not invest the State Highway Commission alone with authority to enter into final contracts for the acquisition of rights of way that would be binding on the county, and it was, therefore, provided that the approval of such acquisition by the county attorney should be obtained, and lastly, that "A record of said agreement shall be spread upon the records of the county court," after which the fiscal court "shall enter an order directing the payment of the amount agreed upon to the land owner." In such co-operating negotiations the intelligence and experience of the functionaries of the Highway Commission, the county attorney, as well as of the members of the fiscal court, are brought into exercise so as (as we infer) to protect **not** only the county, but the landowner as well.

In the light of such requirements a court is wholly unauthorized to give its sanction and approval to the dispensing with either of them, and the cited opinions supra, so hold—the one in the Postleweighte Case saying: "To construe the statute otherwise would be to nullify the express authority of the highway commission to make the contract and be in conflict with the uniform and well-founded interpretation of every other act relating to fiscal courts and other municipal bodies to the effect that they can function and contract only as such units and speak by their records, and that neither such bodies nor the municipalities are bound by any promise or commitment of the county attorney or other individual or group of persons."

But it is argued that a certain entry (which is copied into the petition) on the order books of the fiscal court of the defendant, county, manifested a compliance by that court of what *it* is required to do by the statute in acquiring rights of way by purchase, without condemnation. That order directed the county attorney to issue checks in payment of monetary considerations for rights of way on highway No. 40 (the one in controversy), without specifying any landowner to whom checks were to be issued, and it further authorized that officer to "oversee the moving of all buildings from off the said right of way and building and rebuilding of fencing, * * * and to issue checks for the cost of same and see that all agreements *said County Attorney* has made with the various land owners is carried out." (Our italics.) To begin with he could not possibly carry out or issue any checks in payment of the preventive or indemnifying obligations forming the basis of this action, since their performance was necessarily to be made in the future as damages for their nonperformance accrued, such as is herein claimed, which were wholly unascertained and unascertainable at the time of that entry. Moreover, the order recognizes that such agreements had been made by the "County Attorney" alone. Therefore, the entry or order, as copied in the amended petition, fails to manifest compliance with the statute in the particulars indicated. It is, therefore, clear that the court did not err in sustaining the demurrer filed to the petition as amended and in dismissing it upon plaintiffs' refusal to further amend.

But, wholly apart from such considerations, and

conceding arguendo that the statutory procedure was sufficiently complied with so as to oblige the county to pay the agreed upon consideration for the right of way, there would then be presented two questions, (a) that plaintiffs' pleading is so indefinite and confused as to render it practically impossible to determine in what the violations complained of consisted, i. e., whether in the failure to make openings in the embankment made necessary for the road itself, or in the passway embankment running from the top of the road to plaintiffs' residence and store building, or in failing to surround the latter with an embankment or dam so as to prevent overflows from the creek upon which it is located getting over into the property. The original petition complains *only* of defalcations in constructing the *passway* from plaintiffs' store to the top of the newly made road; while the amended petition would seem to intimate that like complaints were made with reference to the dam or levy supporting the road. No complaint is made of any failure to fence, as mentioned in the deed, or to protect the well, also mentioned therein, nor was it anywhere averred—except inferentially—that it ever became necessary to provide any of the things of which complaint is made, although the deed, as will be observed by reading it, only requires that such actions as are complained of should be taken "if necessary."

The other question (b) so presented is, whether or not a county may by such indemnifying stipulations, so obligate itself, as a consideration for the acquisition of rights of way for state highways as to encumber the taxpayers thereof with future contingent liabilities of potential recurrence from time to time and without any method of substantial accurate measurement of the amount as would be entailed if the deed sued upon in this action had been executed in the manner pointed out in the section of the statutes supra?

It will be observed that this is not a case where the deed required the county to do something besides the payment of money, and which the landowner could himself procure to be done and charge the county with the cost thereof if performance by it was refused. On the contrary, it is an action to recover damages for overflowing of the premises up to the time of the filing of the action, because the *Highway Commission* or the road contractor had not made the necessary openings

or performed the other enumerated acts for the protection of plaintiffs' premises from the consequences of overflows from the creek on which they were located. It does not seek the recovery of direct damages, but only that which flows as a consequence from a failure to perform protective obligations imposed by the deed contract, and which obligation cannot be discharged at the time of the making of the deed by the fiscal court "directing the payment of the amount agreed upon to the land owner," as to the value of the right of way, as prescribed by the statute. We say that questions (a) and (b) present themselves, but neither of them is argued by counsel on either side, and for which reason we will not attempt to determine them in this opinion. However, under numerous opinions from this court, the county can be required to respond in damages for appropriating the strip of land involved, and which should be measured by the same rules that apply to condemnation proceedings—subject, however, to any legal defense available to the county.

Wherefore, for the reasons stated, the judgment is affirmed. The whole court sitting.