## Reams v. Laurel County.

March 10, 1942.

H. C. Clay & Sons and R. B. Johnson for appellant.

C. R. Luker for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE PERRY—Reversing.

This suit was instituted in the Laurel circuit court on May 15, 1941, by appellant, Wm. Reams, against Laurel County for the specific performance of a contract made between them on January 10, 1935.

The facts leading up to the execution of the contract, as disclosed by the record, are as follows:

In June, 1934, the State Highway Commission decided to improve and reconstruct what was then known as the "Old State Road" between London and Barbourville and extending from London, in Laurel County, to the Knox County line.

It appears further that since the location of this road many years ago, it has been continuously used and traveled by the public and was still being so used in 1934 when the Highway Commission decided to reconstruct it in a way calling for a change in the grade of its roadbed and in its location in divers places.

The appellant, Reams, was the owner and in possession of a tract of land in Laurel County through which the old road extended where such changes in the grade and location of the road were to be made.

The Commission requested that a survey be made through appellant's land under its direction, which was made and approved by it and a change in the location of

the road recommended where it passed through his land, which necessitated obtaining from appellant a right of way for the new road, which it notified the county to obtain and which it proposed to do by causing the Laurel County fiscal court on June 20, 1934, to enter an order directing that the county judge and the county attorney "be and they are hereby authorized and directed to take whatever steps that are necessary to procure the right of way (from appellant) for road leading from London * * * if it should become necessary to obtain same." (Parenthesis ours.)

Pursuant to this order, the county judge, D. B. Johnson, and the county attorney, George S. Crawford, conferred with appellant as to the value of the right of way they sought to obtain by agreement from him, but the parties being unable to agree upon the amount to be paid therefor, they so reported to the fiscal court, which thereupon entered an order directing the county attorney to institute condemnation proceedings against appellant to obtain the right of way, which were accordingly instituted and commissioners appointed to go upon the land and assess the damages, which was done and reported by them, to which appellant filed exceptions.

On the trial of these exceptions, the jury awarded appellant damages in the sum of $700. The Highway Commission and the county prosecuted an appeal from this award to the Laurel circuit court and while it was there pending and undetermined, on January 10, 1935, the county and its fiscal court, acting by and through its county judge, Johnson, and its county attorney, Crawford, entered into a written agreement with appellant, by the terms of which he (Reams) agreed to convey by deed to the State Highway Commission the said right of way through his land for $700 cash, the county to pay the costs of the condemnation proceedings incurred in both the county and circuit courts, and further it was agreed that an approach from the new highway should be built to Reams' dwelling house, after its removal from the said right of way, and also an approach to his barn, located on the opposite side of the highway. As further payment for said right of way, it was agreed that the county would convey to appellant by deed the old roadway through his land where it was to be abandoned (as therein specifically described) when the new road was completed.

This contract was signed by the appellant, Reams, and by Johnson, the county judge, and by Crawford, the county attorney, but was never recorded in the fiscal court's order book.

Pursuant to this agreement, appellant executed to the Highway Commission a deed conveying the new right of way therein described, which was accepted by the Commission and duly recorded.

Thereupon the fiscal court ordered paid and did pay to appellant the agreed $700; the condemnation suit appealed to the circuit court was dismissed as settled and the costs incurred in both courts were paid by the county; also, the change in the road, as described by the survey, was made and the new road constructed over the right of way conveyed by appellant to the Commission. Further, Laurel County removed from the new right of way the houses of appellant located thereon, as above mentioned, but constructed only one of the two approaches it had agreed to construct. The county also failed and refused to execute to appellant its deed of conveyance for that part of the old road abandoned by it, as promised by the contract.

Following such failure and refusal on the part of the fiscal court to construct an approach to appellant's barn and to convey him that part of the old road which had been abandoned by it, it appears. that the matter of the court's failure to fully perform its contract in the particulars mentioned and under which it had procured the desired new right of way from appellant ''rocked along'' until December 3, 1940, when appellant filed claim in the fiscal court against the county on this written contract seeking its specific performance, compelling the county to execute appellant a deed of conveyance for the abandoned part of the old road, as was by their contract provided and, upon the county's failure to do so, appellant sought recovery of the value of the land in the sum of $500 and further sought to recover $50 in damages alleged suffered on account of the county's failure to construct the agreed approach to his barn.

This claim was refused by the fiscal court, when an appeal was taken to the circuit court.

Following this, on March 3, 1941, defendant, Laurel County, filed a general demurrer to plaintiff's petition, which was sustained. On the following March 25, at a

special term of the court, it was ordered, upon motion of plaintiff, that the case be resubmitted to the court upon the demurrer to the petition, when this further order was entered in the action:

"The plaintiff, Wm. Reams, by counsel having moved the court to dismiss this action without prejudice, * * * the court * * * sustains said motion.

"It is now ordered by the court that this case be and the same is hereby dismissed without prejudice and stricken from this court's docket."

Following the entry of this order by the Laurel circuit court on March 26, 1941, dismissing without prejudice plaintiff's action against the Laurel fiscal court, plaintiff on May 15, 1941, brought the instant action in equity in the circuit court against Laurel County, based on the same written contract, to compel the county to specifically perform its provisions by executing appellant a deed of conveyance to the old abandoned roadbed or property which it had agreed to convey him and asked that, upon the county's failure to do so, he recover the sum of $500, the value of the land, and $50 as damages suffered on account of the county's failure to construct an approach to his barn.

To this petition appellee filed a general demurrer, wherein it assigned five reasons for the court's sustaining the demurrer, which are: (1) That the order of the fiscal court of October 2, 1934, did not authorize Crawford, or anyone else, to contract any indebtedness or make any deed; (2) that the fiscal court of Laurel County had no right or authority to make a deed, or any deeds, to any abandoned roadway, or any part of an abandoned roadway or public highway; (3) that the contract attempted to be sued on was ultra vires and could not be enforced; (4) that the petition did not state any fact or facts sufficient to constitute any cause of action against defendant; and (5) that the attempted cause of action was based on a contract on which limitation had run.

Further, an answer, by way of a plea in abatement, was filed, making a part of the record in the present action the earlier proceedings had before the fiscal and circuit courts, to which a demurrer had been sustained,

without appeal, upon which it relied as a bar to recovery in this action.

The demurrer to the petition having been sustained, the plaintiff, excepting thereto and declining to plead further, has been granted and prosecutes this appeal, seeking a reversal of the lower court's judgment.

The only question therefore presented for determination is the sufficiency of the petition.

To dispose of this, we will now consider seriatim the grounds of appellee's demurrer, challenging its sufficiency, the first of which is, that the order of the fiscal court, made in October, 1934, did not authorize the county attorney to contract any indebtedness or to make any deed.

This order, as set out supra, expressly authorizes and directs the county judge and county attorney to take whatever steps they found necessary to procure from appellant the right of way. The express language of this order, quoted supra, would appear broad enough to cover everything required to obtain this right of way. Further, Section 4356t-7, Kentucky Statutes, also expressly authorizes the State Highway Commission "to institute any proceeding in the county court of the county where the land lies to have any right of way, temporary or permanent, condemned and the damages assessed. They may institute such suit or proceeding in the name of the Commonwealth, and the county attorney shall represent it." They are also by it given the power "to agree with any landowner as to the value of the right of way and if the agreement reached is approved by the county attorney the fiscal court shall enter an order directing the payment of the amount agreed upon to the landowner, and a record of said agreement shall be spread upon the records of the county court."

It thus appears that the county attorney in this instance had express authorization under both the statute and the order of the fiscal court to enter into an agreement with the appellant landowner as to the value of the right of way sought to be procured by the Highway Commission. Also, in addition to this, it appears that after the condemnation proceeding in the county court was ordered appealed by the county to the circuit court, the county attorney remained the authorized representative of the county in that court, where he and the county

judge made this written contract with the appellant, wherein they agreed with the appellant landowner as to the value of the right of way sought to be obtained from him and the consideration that was to be paid him by the county therefor.

Further, it is shown by the record, and admitted, that following the making of this contract between appellant and the county judge and county attorney, acting for and representing the county and its fiscal court in procuring this right of way, the county clearly ratified the contract made by its acceptance from appellant of his deed of conveyance to it of the right of way; also by its then reconstructing a new highway thereover; by its further paying appellant therefor in cash $700, the amount agreed under the contract to be paid therefor, together with the costs incurred both in the county and circuit courts in the condemnation proceeding; and by its also building an approach from the highway to appellant's house, removed by it; the doing of all of which acts was provided for by the terms of this contract and recognized by the fiscal court as due and owing appellant, under the terms of the contract which its authorized representatives had made with him, as constituting the consideration he was to be paid for the right of way over his land and for which he agreed to convey it to the Commission.

Such recognition and partial performance of the terms of the contract by the county must be held to constitute its ratification of the contract made for it with the appellant, in addition to its being an agreement clearly coming within the scope of the authority given by the court's order of June 20, 1934, directing its county attorney and county judge to procure the right of way from the appellant upon whatever terms they found necessary to obtain it.

The appellee having, as directed, thus procured the strip of land it was notified to obtain for a right of way, which the county has accepted and constructed a new roadway thereon, it must be held to have taken its subject to or upon the terms of the contract liability to pay for the value of the land taken. Metcalf v. Lyttle, 219 Ky. 488, 293 S. W. 979.

Further, conceding that the sanction of the fiscal court is essential to an agreement entered into by the county attorney for procuring a right of way, clearly

such sanction was here given, as evidenced by the express authorization conferred by its order of June 20, 1934, and, further, by its subsequent ratification of the agreement, as evidenced by its taking over the right of way conveyed it and its then payment made of the major part of the consideration agreed upon in the contract made between the parties "as necessary" to obtain it.

It is shown that appellant has fully performed his part of the contract by conveying the right of way to the county and, having thus fully performed his part of the contract, he is here suing to enforce the like full performance by the county of its part of the agreement, or that part of it which the county has failed to perform by reason of its refusal to convey appellant, as promised, the abandoned part of the old roadway and to construct an approach to his barn.

Certainly the contract of the parties must be binding on both or mutually enforceable, from which it follows that appellee should be required to fully perform the contract by conveying the abandoned roadway to appellant, if it can legally do so, and if not, to pay appellant its reasonable value and also build him an approach to his barn, as by the contract was agreed.

The county, no more than anyone else, should not be permitted to claim or contend that it should be excused from paying the full consideration promised and owing for the land taken by it under a contract made by its duly authorized agent. The law requires Laurel County to pay for this right of way obtained for it by its agents. Breathitt County v. Hudson, 265 Ky. 21, 95 S. W. (2d) 1132. Certainly the county is liable under its contract to the appellant for compensation as therein agreed, where there has been an actual taking and appropriation of the land by it for the construction thereon of a highway.

It is here alleged in the petition that the land which Laurel County promised to convey to appellant is of the value of $500 and that, if it fails to make the conveyance, appellant has been damaged in such sum. If the county owns this abandoned part of the roadway on appellant's land, it should be required to convey same as promised to appellant; if not, to pay him what may be found on evidence heard to be its value.

A further ground assigned in appellee's demurrer

is that the contract between the county and appellant is ultra vires. To this contention it is enough to say that if the county owns the abandoned roadway in question, free from adverse claim of abutting owners to easement of use therein, the fiscal court of the county, having control of all of its property, was authorized through its county attorney and county judge to make and enter into the contract in question agreeing to convey it to appellant as part of the consideration for the latter's conveying it the new right of way over his land it procured under the contract.

Ground 4 of the demurrer, to the effect that plaintiff's petition does not state facts sufficient to constitute a cause of action, is but a repetition of the demurrer and need not be further considered in view of what we have said covering such ground.

By ground 5 of the demurrer it is urged that the action is based upon a contract upon which limitation had run before the petition was filed.

Without discussing the merit of this claim made that the action upon the written contract sued on was barred by limitations, it is sufficient answer to such contention to state that the question of limitation is not here before us, for the reason that same can not be raised by demurrer, as here attempted, but must be expressly pleaded in the answer.

The claim is made in appellee's answer, by way of plea in abatement, that plaintiff is barred from recovery in this action in that his earlier action against the Laurel fiscal court was based upon the same contract and sought the same relief as here; that such action was brought to the circuit court by appeal from the order of the fiscal court, where demurrer was filed to the petition and the case submitted thereon; that the court sustained said demurrer and dismissed plaintiff's petition, following which plaintiff refused to file an amended petition or take an appeal from that judgment of the circuit court sustaining said demurrer.

This contention is clearly without merit, in that, while defendant's demurrer to the petition in that earlier action was sustained, the action was resubmitted by plaintiff upon the demurrer, following which the action was upon plaintiff's motion ordered dismissed without prejudice.

Therefore, for the reasons herein above stated, the judgment is reversed and cause remanded with directions that the court set aside its judgment sustaining the demurrer to appellant's petition and enter a judgment for appellant directing the county to convey him the old roadbed abandoned by the Commission, as provided by the terms of their written contract, if the county can do so without prejudice to any third parties' claimed right of access to and use of such abandoned roadway. But if the county, for such or any legal reason, as suggested supra, is not able to convey the abandoned roadway, it will pay appellant such an amount, in lieu of its promised conveyance, as may be determined from evidence heard to be the fair market value thereof and will also perform that further unperformed part of their contract providing for the construction of an approach leading from the new highway to appellant's barn.