# Kentucky Bell Corporation v. Commonwealth et al.

May 7, 1943.

As Modified on Denial of Rehearing

June 25, 1943.

E. L. Stephens and H. C. Gillis for appellant.

A. E. Funk, Martin Wilson, E. B. Wilson, and Cleon K. Calvert for appellee.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

In this opinion the appellant, the Kentucky Bell Corporation, will be referred to as plaintiff. The appellees, Commonwealth of Kentucky, Department of Highways and J. Lyter Donaldson, Commissioner of Highways, will be grouped and referred to as the Commonwealth. The remaining appellee, Bell County, will be referred to as the County.

This case is in the nature of a condemnation proceeding wherein plaintiff sued defendants for $132,000 damages for the taking, injuring and destruction of its real estate in the construction of a state highway. At the conclusion of plaintiff's evidence the court directed a verdict for the Commonwealth, and after hearing all the proof the jury found for the County. The three grounds urged for a reversal of the judgment dismissing the petition are: (1) it was error to direct a verdict in favor of the Commonwealth in the face of Sections 13 and 242 of our Constitution providing that the Commonwealth may not take private property for public use without making just compensation therefor; (2) the instructions under which the case was submitted were erroneous and prejudicial to plaintiff; (3) the verdict is not supported by the evidence.

All the capital stock of plaintiff is owned by Wheeler Boone, its president, and members of his family. Its assets consists of some 3,000 acres of coal lands and a

mine which had been opened on a 1,800 acre tract which was served by a tipple and three side, or loading, tracks which connected with the Louisville & Nashville Railroad. There was a commissary, a mule barn, office and possibly other buildings owned and used by plaintiff in connection with the mine. In 1928 or 1929 the mine ceased operations due, as plaintiff claims, to adverse economic conditions, and it was not being worked in 1933 when the Commonwealth instituted proceedings against plaintiff in the Bell County Court to condemn for highway purposes 2,600 feet of grade and fill on which its loading tracks were situated and other portions of the 1800 acre tract, as well as portions of three other tracts belonging to plaintiff.

It might be well to note here that KRS 177.060 provides:

"All cost of acquiring any necessary land or right of way for primary road purposes and all damages incurred shall be paid by the county."

Also, to call attention to the fact that plaintiff was in arrears in the payment of taxes for the years 1930-1932, inclusive, aggregating in round numbers $3,000.

A judgment was entered in the condemnation proceeding reciting that the grade of the right-of-way upon which plaintiff's loading tracks were located exceeded in value $3,000, and the judgment provided for the cancellation of plaintiff's tax bills in that sum. As a condition precedent to the right to condemn plaintiff's land this judgment imposed the obligation upon the Commonwealth of constructing its right-of-way of sufficient width to receive plaintiff's loading tracks on the eastern edge thereof and to remove same thereto without expense to plaintiff. The deed executed by the special commissioner appointed to convey the right-of-way also contained a clause placing this burden upon the Commonwealth. It is argued by the Commonwealth that the County caused this obligation to be inserted in the judgment and deed without its knowledge or consent.

In 1942 plaintiff filed this action averring that the Commonwealth and the County had breached the conditions of the judgment and the deed; that it wrongfully took plaintiff's property and prevented the operation of the mine, all of which damaged it in the sum of $132,000. Defendants moved to require plaintiff to elect which

cause of action it would prosecute, whether the one for breach of contract or the one for wrongful taking of the property. Without waiting for the court to rule upon this motion, plaintiff filed an amended petition withdrawing the allegations of breach of contract contained in its original pleading and averring it would prosecute its action for the wrongful taking. The amendment more elaborately pleaded the wrongful taking and asked the same damages.

By answer the County denied it had wrongfully taken plaintiff's property and affirmatively pleaded plaintiff had been paid in full so far as the County was concerned. By separate answer the Commonwealth likewise traversed the wrongful taking which it followed with the affirmative plea that under Section 4356t-7, KS (now KRS 177.060), the County was liable for the cost of the right-of-way and all damages incident to acquiring it. Replies completed the issue.

Plaintiff relies upon 29 C. J. S., Eminent Domain, Section 195, p. 1095; Kentucky State Park Commission v. Wilder, 256 Ky. 313, 76 S. W. (2d) 4, (second appeal reported in 260 Ky. 190, 84 S. W. (2d) 38); Kentucky Game and Fish Commission v. Burnette, 290 Ky. 786, 163 S. W. (2d) 50, as establishing the Commonwealth's liability under Sections 13 and 242 of the Kentucky Constitution for the taking of its property. These authorities support the rule that where private property is taken for public use, or where there is a trespass thereon which amounts to such taking, the state's immunity from suit is waived through the sections of the Constitution just mentioned. However, Section 4356t-7, KS (now KRS 177.060) provides that all cost of acquiring a right-of-way for primary road purposes and all incidental damages incurred therein shall be paid by the county, and this court in Muhlenberg County v. Ray, 215 Ky. 295, 284 S. W. 1074; Barass v. Ohio County, 240 Ky. 149, 41 S. W. (2d) 928; Perry County v. Townes, 228 Ky. 608, 15 S. W. (2d) 521, as well as in many other cases, has expressly held that this statute requires the county to pay for the right-of-way taken for highway purposes whether it be acquired by contract or by condemnation proceedings, and even though it be acquired at the instance of the Highway Commission. These cases are not in conflict with the Wilder and Burnette opinions, supra, and do not let private property be taken for public use without

just compensation in contravention of Sections 13 and 242 of the Constitution, but hold that when such property is taken for highway purposes, it must be paid for by the county rather than by the state.

It follows that by virtue of KRS 177.060 the court properly directed a verdict in favor of the Commonwealth.

The parties abandoned as invalid the judgment of the county court and the subsequent deed, therefore the County can be made to respond in damages for the land taken and the measure of damages is governed by the same rules applicable to condemnation proceedings, subject to any legal defense the County may have. Bates' Adm'x v. Menefee County, 273 Ky. 417, 116 S. W. (2d) 973; Bringardner Lumber Co. v. Knuckles, 278 Ky. 356, 128 S. W. (2d) 727. On motion of plaintiff the court gave instructions 1 to 5 inclusive which are the usual and customary ones given in condemnation proceedings, and naturally plaintiff does not complain of the instructions it offered. However, it does complain of the court refusing instruction ''B'' offered by it and of the court giving instruction ''X'' offered by the County.

Instruction ''B'' submitted the question of whether the damages caused by the taking of plaintiff's property for highway purposes were temporary or permanent. No discussion is necessary to demonstrate that this instruction was properly refused, as it is evident that the construction of the highway was permanent and it necessarily would follow that the taking of plaintiff's property and the resultant damage were likewise permanent.

Instruction ''X'' reads:

''If you shall believe from the evidence that the damage as described in instruction 1 does not exceed $3000 then you will find for the defendant Bell County.''

It is argued that this instruction was prejudicial to plaintiff because it did not tell the jury that the $3,000 therein mentioned was the amount of the tax bills the County attempted to cancel in the judgment and for which plaintiff got full benefit when they were not collected but were barred by limitations due to no action being taken in conformity with the provisions of the judgment for their collection. The jury could not have been misled as to what

$3,000 the instruction made reference since there was only one $3,000 item in the record and the County did not contend it had made any other compensation to plaintiff. This instruction correctly told the jury that if plaintiff's damages were not greater than the compensation it had received, the law was for the County.

We cannot agree with plaintiff that the verdict is not supported by the evidence. There is something over 300 pages of testimony in the record and rather than attempt to analyze it we think it will suffice to say that it is highly conflicting as to the amount of plaintiff's damages. About 14 acres of plaintiff's land were taken and damage was done certain of its buildings. Boone put plaintiff's damages at $114,175. Several of his witnesses testified the damages ran from $40,000 to $63,000. The County introduced proof showing the rails of plaintiff's loading tracks were the property of the L. & N. R. Co., which had a deed to that right-of-way; that the trestle over which these tracks ran was condemned in 1929, and in 1931 the loading tracks were in such condition that a train could not be put over them; that the land upon which was located the incline for plaintiff's mine belonged to Dan Dean. There was a contrariety in the evidence as to the grade of coal plaintiff's mine produced and as to whether it could be mined and marketed at a profit.

In Com. v. Ball, 246 Ky. 584, 55 S. W. (2d) 413, we wrote that the amount of damages in condemnation proceedings is peculiarly a question for the jury, and its verdict will not be disturbed unless it is so out of line as to show passion or prejudice or that it is unsupported by the physical facts. If the jury accepted plaintiff's evidence, it was entitled to a substantial verdict; if it believed the County's evidence, it was justified in fixing the damages at not exceeding $3,000 and offsetting them with the $3,000 in tax bills the County's action relieved plaintiff from paying. Under the rule just referred to in the Ball case we do not feel inclined to interfere with the verdict under this conflicting evidence.

Plaintiff vigorously contends that when the trial judge directed a verdict in favor of the Commonwealth, it was deprived not only of its right under Sections 13 and 242 of the Kentucky Constitution of compensation for property appropriated by the Commonwealth, but it was also denied due process of law under the Fourteenth Amendment of the Federal Constitution.

As shown above, plaintiff was not denied the right of compensation against the Commonwealth, but the jury found that it had been fully compensated for the property taken. If there were any error in the trial judge not submitting to the jury the case as to the Commonwealth, that error was cured when the jury found the County had compensated plaintiff in full for its property taken by the Commonwealth, which liability was imposed on the County by KRS 177.060. Therefore, it is now a moot question as to whether the case should have been submitted as to the Commonwealth since the County under the statute just mentioned must satisfy the judgment for property taken by the Commonwealth for right-of-way purposes, and in this particular instance the jury found the County had compensated plaintiff. We are constrained to hold that plaintiff was not deprived of due process under the Fourteenth Amendment.

The judgment is affirmed.