**DEPARTMENT OF HIGHWAYS et al.
v. COREY.**

Court of Appeals of Kentucky.
March 21, 1952.

A. E. Funk, Atty. Gen., Jo M. Ferguson, Asst. Atty. Gen., for appellants.

Hiram H. Owens, Barbourville, for appellee.

MILLIKEN, Justice.

Shortly after the filing of this appeal, our opinion in Commonwealth v. Kelley, 314 Ky. 581, 236 S.W.2d 695, was rendered and, while not decisive of the case at bar, it nevertheless affords the criteria for the determination of this appeal. The question is whether the State Highway Department, an arm of State sovereignty, is immune from an action sounding in tort where damage of such a nature has been inflicted upon real estate by the negligent acts of the Department as to amount, in all practical effect, to a taking of property for public use without just compensation therefor.

Mrs. Oddie Corey is the owner of a farm of fertile bottom land in Knox County through which Bull Creek wends its way to its junction with Goose Creek. Knox County paid Mrs. Corey $500 for a right of way, and the defendant, Department of Highways, constructed a road across the land and bridged Bull Creek

with a large concrete culvert of two sections. The petition alleges that the Department "with gross, negligent, reckless, unskillful and inefficient conduct * * * so located and had constructed two culverts, not in line with the flow of the water in said creek, but at such an angle thereto that the current of the stream strikes the opening at a large angle so that the current flows almost at right angles to the said openings and thereby causes drifts of logs, brush, debris and substances carried by the water to dam up and stop the flow of said stream * * * and cast the water with the force of the current of the stream against the said walls and earth, cutting away the bottom lands on the upper side adjacent to said highway, causing the water to overflow and render it impossible to produce crops on the land above the said highway." It is further alleged that the stream has widened its channel from twenty-five feet to sixty feet on the lower side of the culvert and has cut away great portions of bottom land. There is no specific allegation made in the petition that the damage amounts to a taking for a public purpose without compensation. The plaintiff was adjudged the $1,000 damages prayed for.

■ Unless the physical damage detailed in the testimony is of such a nature as to amount to a "taking" of property for a public purpose without just compensation, for which the State's sovereign immunity from suit is waived by Sections 13 and 242 of the Constitution, Mrs. Corey was not entitled to a judgment in her favor, and her petition should have been dismissed because the State is immune to such a suit for negligence. Kentucky State Park Commission v. Wilder, 260 Ky. 190, 84 S.W.2d 38. In Commonwealth v. Kelley, supra [314 Ky. 581, 236 S.W.2d 697], it was said: "The appellants argue that to show a 'taking' of property, the petition must state facts from which the court may infer a total ouster from possession, or at least a substantial deprivation of all beneficial use of the land affected. It seems to us, however, that an interference with the legally protected use to which land has been dedicated, which destroys

that use or places a substantial and additional burden on the landowner to maintain that use, is a 'taking' of his property." See, also, Lehman v. Williams, 301 Ky. 729, 193 S.W.2d 161.

The trial judge, after describing the way the water was impounded by the debris which accumulated in front of the opening of the culvert, declared: "The witnesses describe the effect on the growing crops as a twisting movement, which is apparent when there is a tide in Bull Creek. This evidently destroys the crops on the land above the fill. There is another serious, annoying condition which appears to follow each tide. Since the flow down the creek to the opening under the highway strikes the opening not in the direction in which the culvert is constructed, but at a sharp angle, wood in the stream drops at the upper end and across the opening. This impedes the flow of the water and materials through the opening and one must take a team and drag these deposits out and away. That is a continuing annoyance and expense. * * * It is apparent to the court that the damage suffered by the landowner is due directly to negligent laying out of the drainway, and having it constructed so as to divert the natural flow of the water in Bull Creek to and over the plaintiff's land and so as to dam up the opening under the highway."

We think the testimony supports the trial judge's summary.

■ Since the right of way was acquired by the County under authority of KRS 177.060(1) which provides, "Except as otherwise provided in this section and in KRS 177.070, all cost of acquiring any necessary land or right of way for primary road purposes and all damages incurred shall be paid by the county", the Highway Department contends that the County is the proper party to be sued in this action. The right of way purchased by the County was conveyed directly by Mrs. Corey to the "Commonwealth of Kentucky for the use and benefit of the Department of Highways," and was denominated as a "deed for highway purposes" and a "State Right of Way Deed." The damage contemplated in KRS 177.060 is the damage or compensa-

tion assessed in the acquiring of a right of way, Muhlenberg County v. Ray, 215 Ky. 295, 284 S.W. 1074; Metcalf v. Lyttle, County Judge, 219 Ky. 488, 293 S.W. 979, and it does not mean the type of damage negligently inflicted by the Department of Highways to that portion of the landowner's tract which is not acquired for highway purposes. Lehman v. Williams, 301 Ky. 729, 193 S.W.2d 161; Commonwealth v. Kelley, supra. While part of the consideration for the conveyance was the benefit to the adjoining land from the improvement of the road, it hardly can be said that a benefit has occurred when the road has been so constructed that the land adjoining it no longer is usable.

■ The Department also contends that Mrs. Corey insisted that the culvert be placed where it is and not where the engineers of the Department wanted to place it, but we do not consider this controlling. The evidence is sufficient to sustain the trial judge's conclusion that the location and construction of the culvert directly caused the damage to the land, and that the damage is of such a nature as to amount to a "taking" of Mrs. Corey's land without compensation within the meaning of our Constitution.

■ We do not believe the evidence supports the Department's contention that the landowner is estopped to claim damages because of her refusal to consent to the Department's proposal to place the culvert at another place and channel the stream through it.

The judgment is affirmed.