# Anderson et al. v. State Highway Commission of Kentucky.

(Decided Feb. 9, 1934.)

BEN S. ADAMS for appellants.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

A special demurrer having been sustained to the petition of the appellants and they having declined to plead further, the court dismissed that petition and this appeal results.

The appellants in their petition, after alleging that they were the owners of a described tract of land, averred that the appellees, composing the state highway commission of Kentucky, after having acquired a right of way through the lands owned by appellants, constructed a highway on that right of way and, in so doing, diverted the waters of Truman creek from its natural course by building a canal along the side of the highway but constructing it so negligently that it was insufficient to carry off the waters that had been diverted from Truman creek; that the commission then built a fence along its right of way and planted willows in the canal, the result of which was that the canal became clogged with debris and thereby became additionally insufficient to carry off the waters diverted from Truman creek; that as a result of all of these acts, a large volume of water was cast upon appellants' land and flooded it.

The prayer of the petition asked that the appellees, as members of the state highway commission, be enjoined from so diverting the waters of Truman creek as to cast the same upon appellants' land, and that a mandatory injunction issue compelling them to enlarge the canal and to remove the fence and willows therefrom and to confine the diverted waters in the canal. The special demurrer filed by the appellees was based upon their contention that the appellees constitute an agency of the state, and, since the state has not assented to the agency being sued, the courts are without jurisdiction for the reason that this action is, in substance and in form, a suit against the commonwealth. The appellees rely upon that line of cases illustrated by Wilson Co. v. Van Diver, 230 Ky. 27, 18 S. W. (2d) 308, which was an action brought by B. B. Wilson Company against Van Diver on a contract and in which it was sought to make the state highway commission a garnishee and in which we held that the suit was not maintainable under section 231 of the Constitution, since in reality the suit was to make the commonwealth a garnishee, inasmuch as the state highway commission was not a body corporate, and in fact owed no money to Van Diver, it being the state which was Van Diver's debtor, if any one was.

On the other hand, the appellants rely on that line of cases illustrated by the Reliance Mfg. Co. v. Board of Prison Commissioners, 161 Ky. 135, 170 S. W. 941, 944, and Herr v. Central Kentucky Lunatic Asylum, 97 Ky. 458, 30 S. W. 971, 972, 17 Ky. Law Rep. 320, 28 L. R. A. 394, 53 Am. St. Rep. 414. In the Reliance Mfg. Company Case, the board of prison commissioners in defiance of the contractual rights of the Reliance Manufacturing Company to conduct a certain manufacturing business in the Eddyville prison with prison labor, were threatening to oust the manufacturing company and its machinery from the prison. An injunction suit was brought to restrain them from so doing, and, as here, the point was raised that the suit was really one against the commonwealth of Kentucky, and therefore could not be maintained without its consent. In overruling that contention, this court said:

"If this were in fact a suit against the commonwealth, section 231 of the Constitution, providing that the General Assembly may by law direct in what manner and in what courts suits may be

brought against the commonwealth, would present an insuperable obstacle in the way of its prosecution, as its institution was not authorized by the General Assembly. But is this a suit against the commonwealth in the meaning of the Constitution or in the meaning of the general rule forbidding suits against the state without the consent of the state? Many cases have been written on this subject, and a number of the leading ones have been called to our attention by counsel as supporting their respective contentions. The line of suability and nonsuability in many of these cases is very obscure, and it may be admitted that it is often difficult to make a substantial distinction between cases in which the right to sue has been allowed and cases in which it has been denied. Generally, however, the way is endeavored to be simplified by the facts of each particular case, and the distinctions as a rule turn on the construction given the facts. * * * The correct rule, and the one supported by authority, is that a public agent, whether it be styled a body corporate, with the power to sue and be sued, or be a board or an individual with certain powers, may be sued by a private citizen to restrain the commission of a contemplated injury or wrong or compelled, as any other private citizen might be, to perform acts essential to protect the property or contract rights of individuals having dealings with the agent, when the suit, whatever its nature may be, will not do more than restrain the commission of some wrong or compel the performance of some duty by the agent; or, to put it in another way, when the suit directly concerns some act of the board or agent, whether of omission or commission, that is not expressly authorized by the state.''

In the Herr Case, the suit was brought to enjoin the Central Kentucky Lunatic Asylum from polluting with sewage a stream of water that flowed through the Herr property. Again the point was made that the suit was one against the state. The court first held that the act creating the asylum made it a body politic subject to suit, but the opinion also stated that independent of this ground, the asylum could not seek sanctuary under the claim of being an agency of the state and so, nonsuable. We said:

"Exemption of the state from suit without its consent was intended for its own protection, not at all to enable agents or officers to do, with impunity, injury to private rights. To say a court of chancery could not enjoin them from entering upon and appropriating, without compensation, land of a private person, though done under color of statutory power, and in interest of the state, would be, indeed, a startling proposition. Yet so using property of the state as to create a nuisance, whereby such private person is deprived of use and enjoyment of his land, would be not less a wrong and injury than forcibly ousting him of possession, and carelessly taking and appropriating it; for, while holding and controlling property of the state, its officers and agents can no more than a private person disregard the maxim, 'Sic utere tuo ut alienum non laedus.' It cannot be that in such case a person injured would be wholly without remedy merely because the wrongdoers are agents or officers holding and controlling property of the state."

We are of the opinion that the instant case falls within the Herr Case and the Reliance Manufacturing Company Case, at least to the extent that the appellants seek to enjoin the appellees from diverting the waters of Truman creek in such fashion as to throw them upon the appellants' land and flood it. The appellees, to paraphrase the opinion of the court in the Reliance Manufacturing Company Case, cannot (and indeed do not) claim an express authority from the state to flood the appellants' land and they are subject to restraint where they are threatening the commission of an injury or wrong to the property rights of the appellants. Such being our views, the special demurrer was improperly sustained. It should have been overruled.

Judgment reversed for proceedings consistent with this opinion.

Whole court sitting except Judge Thomas, who was absent.