# Department of Highways et al. v. McKinney.

May 5, 1942.

Hubert Meredith, Attorney General, A. E. Funk, Assistant Attorney General, and John E. Kirksey for appellants.

Albert Karnes for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellee, W. M. McKinney, owns a tract of land north of, and adjacent to, route 60 in McCracken county between Paducah and Hinkleville. His land is practically level and is extremely fertile. For 40 years prior to the acts complained of, the land to the south of the high-

way drained into a natural ditch several feet deep, lying on the south side of the highway, which ditch had its outlet into Perkins creek which runs under a bridge in the highway and flows past appellee's farm on its western boundary. The land lying to the south of the highway is hilly and during rain falls water was formerly precipitated in great quantities into the ditch but none therefrom drained onto appellee's land. In the year 1932, the state highway commission determined to widen and reconstruct route No. 60 at this point, in pursuance of which it notified McCracken county to obtain the right of way for such improvement. A survey was made by a highway engineer and a plat thereof filed in the office of the clerk of the McCracken county court. It became necessary to obtain approximately 5 acres of land from appellee to carry out the plán adopted by the highway commission. The county commissioners of McCracken county, together with one of the highway engineers and the highway commissioner for that district, commenced negotiations with appellee for the procurement of the right of way. They agreed upon a fair value for the land, but appellee objected to the plans as adopted by the highway commission in that they provided for a culvert to be placed under the road at a point several hundred feet east of the creek for the purpose of draining the hill land lying south of the highway, thus diverting the water which would naturally flow into the ditch and creek on the south side of the highway and cause it to be cast upon appellee's land lying to the north of the highway. The fiscal court of McCracken county agreed that the change be made and the highway engineer and the highway commissioner agreed to the change, or at least, to recommend to the highway commission that it make the change on the plans. Upon the strength of this agreement appellee executed the deed for the right of way and received the cash consideration for the transaction. The highway commission made no change in the plans and constructed the culvert at the point designated in the original plat. As a result thereof, plaintiff's land has been caused to be overflowed by every ordinary heavy rain, a ditch five or six feet deep has been cut through his farm, approximately 20 acres of his land submerged in every ordinary heavy rain, and his crops destroyed. It is established that the damage can be averted and the condition complained of can be remedied at a cost of not more than $200.

This action was brought by appellee against Mc-Cracken county and the State Highway Commission seeking damages for the injuries aforesaid and asking that the deed to the right of way be reformed so as to express the agreement upon the part of the highway commission and McCracken county to eliminate the culvert complained of, and that the highway commission be mandatorily enjoined to eliminate the culvert and clean out and perpetually maintain the ditch on the south side of the road so that it will carry the water into Perkins creek on the south side of the highway.

The defendants jointly moved the court to require the plaintiff to elect as to which defendant he would prosecute the injunction and as to which defendant he would prosecute the action for damages. Over objections of plaintiff, the court sustained the motion, whereupon, he elected to prosecute his cause for damages against McCracken county and to prosecute the injunction against the State Highway Commission. No complaint is here made of the court order requiring plaintiff to elect. The cause of action in respect to the damages to the property was continued and the court on the pleadings and evidence entered an order reforming the deed to express the consideration that the culvert be eliminated, and granted the injunction requiring the highway department to close the culvert and to clean out and maintain the ditch on the south side of the highway, from which judgment the State Highway Commission and McCracken county have appealed.

We think it unnecessary to discuss the judgment in respect to the reformation of the deed, because, irrespective of any agreement between the parties to the transaction as to the elimination of the culvert, the State Highway Commission has no right to make any change in the construction or reconstruction of a road which will divert water from its natural course and cast it upon the land of an adjacent property owner. Any plan which does so is, as alleged by plaintiff, unskillful, impractical, improper, and illegal, and for the abatement of which an action will lie against the highway commission. Anderson v. State Highway Commission of Kentucky, 252 Ky. 696, 68 S. W. (2d) 5, and cases therein cited. That the cash consideration in the agreement was not intended to include damages resulting from the placing of the culvert at the point designated in the plat is apparent from

the evidence. Appellee refused to sign the right of way deed until the fiscal court agreed that the culvert would be eliminated and the highway commissioner and the highway engineer agreed to recommend its elimination to the highway commission. It would be inequitable to allow the highway commission to continue in its destruction of land proven to be worth approximately $3,000 when the nuisance it has created can be abated at a cost of approximately $200.

Wherefore the judgment is affirmed.