## Lehman v. Williams et al.

March 5, 1946.

Eldon S. Dummit, Attorney General, Elmer Drake and C. F. Kelly, Assistant Attorneys General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Reversing.

The appellant, Thomas Lehman, is the owner of land situated in Logan County. On October 4, 1944, he filed in the Logan circuit court a petition in equity in which he sought to recover damages for past injuries to his land, caused by the wrongful diversion of water, and other alleged wrongful acts committed during the construction and in the maintenance of a state highway adjacent to his land. He also asked for injunctive relief to prevent future injuries. The Commissioner of the Department of Highways of the Commonwealth of

Kentucky, the State Highway Engineer, and various other officials who were connected with the Department of Highways were made defendants. The petition is lengthy and involved, but the plaintiff apparently based his cause of action on the theory that the injuries complained of constituted a taking of his land under section 242 of the Kentucky Constitution. The defendants challenged the jurisdiction of the Logan circuit court by a special demurrer which was sustained. A judgment was entered dismissing the plaintiff's petition, and he appeals.

The plaintiff in his petition studiously avoided reference to the Commonwealth of Kentucky apparently upon the theory that a suit, even where property has been taken, cannot be maintained against the state. However, the suit is essentially one against the commonwealth for property taken and for an injunction against its officials and agencies to prevent future injuries. Section 13 of our Constitution provides that no man's property shall be taken or applied to public use without the consent of his representatives and without just compensation being previously made to him. In Kentucky Bell Corporation v. Commonwealth, 295 Ky. 21, 172 S. W. 2d 661, 663, the Corporation sued the Commonwealth of Kentucky, the Department of Highways, the Commissioner of Highways and Bell County for damages for the taking, injuring, and destruction of its real estate in the construction of a state highway. The trial court directed a verdict for the Commonwealth, and the jury returned a verdict in favor of the County. On appeal the judgment was affirmed, both as to the Commonwealth and the County, on the ground there was evidence to support the jury's finding that the plaintiff had been fully compensated for the property taken, and on the further ground as to the Commonwealth that KRS 177.060 requires the county to pay for the right of way taken for highway purposes whether it be acquired by contract or by condemnation proceedings. However, in the course of the opinion it was said:

"Plaintiff relies upon 29 C. J. S., Eminent Domain, sec. 195, p. 1095; Kentucky State Park Commission v. Wilder, 256 Ky. 313, 76 S. W. 2d 4 (second appeal reported in 260 Ky. 190, 84 S. W. 2d 38); Kentucky Game and Fish Commission v. Burnette, 290 Ky. 786, 163

S. W. 2d 50, as establishing the Commonwealth's liability under secs. 13 and 242 of the Kentucky Constitution for the taking of its property. These authorities support the rule that where private property is taken for public use, or where there is a trespass thereon which amounts to such taking, the state's immunity from suit is waived through the sections of the Constitution just mentioned.''

In Commonwealth v. Tate, 297 Ky. 826, 181 S. W. 2d 418, 420, the plaintiffs sued the Commonwealth for damages, and alleged that their property had been injured in the construction of a state highway. The General Assembly had adopted a resolution authorizing the suit and the question of suability was not directly presented, but this court said:

''There was a taking or injuring of appellees' property within the meaning of sections 13 and 242 of the Constitution, and the owners are entitled to compensation.''

In Kentucky State Park Commission v. Wilder, 256 Ky. 313, 76 S. W. 2d 4, 6, it was said:

''As appears from the record, the state has taken private property for public use without compensating some of the joint owners therefor. Section 13 of our Constitution, which is included in the Bill of Rights, forbids such a taking and section 242 of the Constitution likewise provides that just compensation shall be made for private property taken, injured, or destroyed for public use. Under these express provisions, an appropriate action will lie against the commonwealth as well as against corporations or individuals for damages growing out of the taking, injuring, or destroying of private property for public purposes.''

Furthermore, the taking of property without compensation by a state is inhibited by the 14th Amendment to the Federal Constitution.

There can be no doubt that agents and officers of the state are subject to restraint where they are committing or threatening to commit injury to the rights of a property owner, Anderson v. State Highway Commission, 252 Ky. 696, 68 S. W. 2d 5, nor that the venue of an action for injuries to real estate is in the county where the real estate is located. Section 62 of the Civil Code of Practice. In their special demurrer the appel-

lees refer to KRS 23.020, but that section of the Statutes has no application to an action of this kind.

It follows from what has been said that the Logan circuit court has jurisdiction, and that it erred in sustaining the special demurrer. The Attorney General frankly concedes that the judgment should be reversed.

Judgment reversed, with directions to overrule the special demurrer.