## KECK et al. v. HAFLEY.

Court of Appeals of Kentucky.

March 9, 1951.

T. T. Burchell, Manchester, for appellant.

Hiram H. Owens, Barbourville, John M. Lyttle, Manchester, for appellee.

528

A. E. Funk, Atty. Gen., C. J. Waddill, and Jo M. Ferguson, Assts. Atty. Gen., Dept. of Highways, for appellant.

E. C. Moore, Ira Pittman, Liberty, Hazelrigg & Cox, and John Hopkins, all of Frankfort, for appellees.

CLAY, Commissioner.

Appellee brought this suit against the past and present Commissioners of Highway and the past and present State Engineers to recover damages for alleged injuries to his property, and for an injunction. The basis of the claim was that the State officials, in the construction of a highway adjacent to appellee's land, changed the channel of a creek so as to divert the natural flow of water and cause it to inundate his land and crops. The Chancellor awarded appellee $500 damages, to be paid by the Department of Highways, and enjoined the appellants in their official .capacities from maintaining a wall in such condition as to cause future flooding, overflow and damage to appellee's property.

Appellants specially and generally demurred to appellee's petition on the ground that the Commonwealth of Kentucky was the real party in interest, and should have been made a defendant. This would have been the better practice. However, in Lehman v. Williams, 301 Ky. 729, 193 S.W.2d 161, in a similar proceeding, we held that this type of suit is essentially

one against the Commonwealth for a taking of property, and for all practical purposes, the officials of the Highway Department represent the Commonwealth· Since this proceeding was practiced as a suit against the Commonwealth insofar as damages were concerned, and was defended by the Attorney General, we believe the failure to name the Commonwealth as a party does not constitute reversible error.

Appellants next contend that the injury to appellee's property did not constitute a taking. In a recent opinion, Commonwealth v. Kelley, 314 Ky. 581, 236 S.W.2d 695, we decided the very question here raised, and held: "* * * an interference with the legally protected use to which land has been dedicated, which destroys that use or places a substantial and additional burden on the landowner to maintain that use, is a 'taking' of his property."

■ The facts in that case are most similar to those shown here. The construction of the highway wrought a change in the channel of a stream so that water now floods appellee's land during normal rainfall. This has resulted in washing away the top soil, damaging crops, creating gullies, and destroying the use of some of the property for the purpose of cultivation. This impairment in the usability of the land clearly constitutes a taking of it.

Appellants contend that if damages were properly awarded for the "taking" of appellee's property, then the Chancellor could not grant an injunction to prevent this continuing injury in the future. This point has merit, but before reaching it, we find that the damages were not properly determined.

■ It has been many times held that under Sections 13 and 242 of our Constitution, the State is not immune from suit if it fails to bring a condemnation proceeding, and the present suit is in effect a condemnation in reverse. As said in Harlan County v. Cole, 218 Ky. 819, at page 823, 292 S.W. 501, 503, this type of action: "* * * must be treated the same as if it had been an appeal from an assessment legally made in a condemnation proceeding after trial before a jury in the county court as provided by law. It follows that (the) case when tried in the circuit court should have been tried under the law governing such appeals." ·

■ Section 242 of the Constitution provides that upon such an appeal "the amount of such damages shall, in all cases, be determined by a jury, according to the course of the common law." Since the action will be treated as one in the nature of a condemnation proceeding under this section of the Constitution, it is clear that any damages should be assessed by a twelve man jury. See Franklin County v. Bailey, 250 Ky. 528, 63 S.W.2d 622; Kentucky Game and Fish Commission v. Burnette, 290 Ky. 786, 163 S.W.2d 50; and Commonwealth v. Kelley, 314 Ky. 581, 236 S.W.2d 695, referred to above.

■ In our present case the Chancellor fixed the damages. This is contrary to the provisions of Section 242 of the Constitution. Though neither party seems to have objected to the Chancellor's award on this ground, we do not think a jury trial could be waived.

■ Under the principle just announced, i. e., that this is in the nature of a condemnation proceeding, the award of damages should cover the permanent injury done to the land, and therefore appellee would not be entitled to injunctive relief. Such question was carefully considered in Kentucky Game and Fish Commission v. Burnette, 290 Ky. 786, 163 S.W.2d 50. In that case we held that if the plaintiff was entitled to recover damages as if the action was one under the law of eminent domain, then when the plaintiff was compensated for the taking, the defendant would have acquired the right to maintain the conditions produced.

■ It is true this Court has recognized the right of a property owner to enjoin agents of the State from injuring or destroying his land. See Anderson v. State Highway Commission of Kentucky, 252 Ky. 696, 68 S.W.2d 5, and Department of Highways v. McKinney, 291 Ky. 1, 162 S.W.2d 179. However, the land owner has the option to either seek injunctive relief or to recover damages for the permanent taking

of his property. He is not entitled to both remedies because a judgment granting such double relief would be inconsistent.

It is therefore our conclusion that in this action plaintiff must elect to recover damages or obtain injunctive relief, and if the former, a jury must be empaneled to return a unanimous verdict.

We do not pass upon the question raised by appellants concerning the competency of certain evidence with respect to damages.

The judgment is reversed for proceedings consistent with this opinion.