CURLIN, Com'r of Highways, et al.

v.

ASHBY.

Court of Appeals of Kentucky.

Feb. 5, 1954.

J. D. Buckman, Jr., Atty. Gen., C. J. Waddill, John C. Talbott, Asst. Attys. Gen., for appellants.

Arthur T. Iler, Central City, Hubert Meredith, Greenville, for appellee.

COMBS, Justice.

The Department of Highways has appealed from a judgment of $7,500 based on a jury's verdict in favor of the plaintiff, H. L. Ashby, for damages to his land and crops. Plaintiff's case is predicated upon

the charge the Highway Department constructed a fill across his property without providing sufficient outlets for the drainage of the watershed above the fill. It is also alleged that such drainage outlets as were provided were permitted to become obstructed with debris and vegetation. Plaintiff also prayed for a mandatory injunction to require the Department to repair the fill so as to provide for proper drainage. The court on motion of the Department required him to elect between his action for damages and his request for injunctive relief. He elected to rely on his right to damages.

■ Plaintiff admits the rule that the state ordinarily is exempt from liability for the negligence of its agents. Constitution of Kentucky, section 231; Hunt-Forbes Construction Co. v. Robinson, 227 Ky. 138, 12 S.W.2d 303; Board of Councilmen of City of Frankfort v. State Highway Commission, 236 Ky. 253, 32 S.W.2d 1008. He relies, however, on the line of cases which hold that where a trespass by the state amounts to a taking of property for public use, the state's immunity from suit is waived.

The first case which expressly permitted recovery against the state for a trespass amounting to a taking of property seems to be Lehman v. Williams, 1946, 301 Ky. 729, 193 S.W.2d 161, although dictum to this effect commenced to appear in some of the cases as early as 1934. Kentucky State Park Commission v. Wilder, 1934, 256 Ky. 313, 76 S.W.2d 4; Kentucky State Park Commission v. Wilder (second appeal, 1935), 260 Ky. 190, 84 S.W.2d 38; Kentucky Bell Corporation v. Commonwealth, 1943, 295 Ky. 21, 172 S.W.2d 661; Commonwealth v. Tate, 1944, 297 Ky. 826, 181 S.W.2d 418. Later cases directly in point are Commonwealth v. Kelley, 1951, 314 Ky. 581, 236 S.W.2d 695; Keck v. Hafley, Ky. 1951, 237 S.W.2d 527; Department of Highways v. Corey, Ky. 1952, 247 S.W.2d 389. The decisions in these cases were based on section 13 of the Kentucky Constitution, which reads in part: " * * * nor shall any man's property be taken or applied to public use without the consent of

his representatives, and without just compensation being previously made to him", and on section 242, which provides: "Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them; which compensation shall be paid before such taking * * *."

Counsel for the Department vigorously insist that these cases are wrong and should be overruled.

Consideration of the cases, especially those based on negligence of the Commonwealth's agents, leaves us with grave doubt as to their soundness. We note that in Lehman v. Williams, 301 Ky. 729, 193 S.W. 2d 161, the first case expressly permitting this type of action, the decision was placed squarely on an actual taking of property and the issue of negligence was not directly involved. As was said later in the Hafley case, 237 S.W.2d 527, the court permitted the action on the theory that since the Commonwealth had taken property without a condemnation proceeding, an action by the landowner for compensation was in effect a condemnation proceeding in reverse. In the more recent cases the court has failed to make a distinction between those cases in which there was an actual taking by the state, the negligence being incidental, and those based solely on damage caused by negligence. We note, however, that the distinction has been made in similar actions filed against a county. Breathitt County v. Hudson, 265 Ky. 21, 95 S.W.2d 1132.

■ We do not consider it necessary at the time either to approve or disapprove the cases which have permitted recovery against the Commonwealth for trespass to land. Recovery was permitted in those cases only on the theory that when the acts of the state constituted a taking of property, the law would imply an agreement to pay for it. In the cases where negligence was involved recovery has been permitted on the theory that the injured party could waive the tort and sue on an implied prom-

ise to pay. This is nothing more than a legal fiction, of course, but the fiction has been permitted in order that the landowner might receive compensation for his property without the delay necessary to obtain specific legislative approval to sue. But even under this theory a landowner, by availing himself of the fiction of an implied promise to pay, necessarily subjects himself to the rules of practice and procedure incidental to the enforcement of such right. Among these rules is the statute of limitations which on an implied promise to pay is five years, KRS 413.120.

Here the fill which plaintiff complains of was built in 1927. The actual basis for his claim is the charge that sufficient outlets were not placed in the fill to provide adequate drainage of his land. Although there is an allegation and some slight proof that the situation was aggravated when the Department permitted the outlets to become obstructed, the damage caused by poor maintenance is incidental and comparatively minor. It is clear that plaintiff's cause of action, if he has any, arose some 25 years ago and the five-year statute of limitation on an implied promise to pay for the damage has long since expired.

Plaintiff attempts to avoid the application of the statute of limitations by invoking the rule that where a structure, although permanent, is negligently constructed the damages are recurrent and suits for recovery may be brought at intervals so long as the condition exists. Madionsville-Hartford & Eastern Railroad Co. v. Graham, 147 Ky. 604, 144 S.W. 737. Admittedly, this is a sound rule of law but it is of little comfort to plaintiff here. He could maintain his action in the first place only by waiving the tort and suing on an implied contract. Having done that, he has brought himself within the statute of limitations applicable to that type of action. It might be noted in passing that the statute of limitations was not an issue in those cases which have permitted recovery against the Commonwealth in this sort of situation.

Since the plaintiff's petition disclosed that his cause of action was barred by the statute of limitations, the general demurrer to the petition should have been sustained. Even in the absence of a demurrer, since the statute of limitations was properly pleaded by the Department, it was entitled to a peremptory instruction at the close of plaintiff's evidence.

The judgment is reversed for proceedings consistent with this opinion.