**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Elizabeth R. SMITH, Appellee.**

Court of Appeals of Kentucky.

March 19, 1965.

------◆------

John B. Breckinridge, Atty. Gen., William A. Lamkin, Asst. Atty. Gen., Deddo G. Lynn, Lexington, for appellant.

Thomas D. Shumate, Irvine, for appellee.

MILLIKEN, Judge.

The Department of Highways has appealed from a judgment remanding a claim to the Board of Claims for reconsideration. The Board of Claims dismissed the claim upon the premise that the case was controlled by the doctrine of permanent structures and was brought after the applicable one year statute of limitations had expired. KRS 44.110.

In 1954 the claimant had deeded a right of way for the construction of the road across the back of her lot in consideration of the payment of $400 and later had signed a release of all claims after the construction of the road and the grading of her back yard toward the fill on which the new road was built. The present claim arose in 1960 out of flooding of her yard and damage to her furnace and home occasioned allegedly by the negligent construction of the road, specifically the negligent failure of the Department to continue or extend the curb along the road in back of her land which would steer water more effectively into a concrete drain or flume and thus avoid the flooding of the claimant's property.

We think the deed and release are not susceptible to the interpretation that they barred a claim of this nature, but rather that they barred any claim for damage caused by the proper construction of the road. The road itself is a more or less permanent structure, but the cause of the flooding complained of here appears to be remediable through a completion or extension of the curbing along the highway which would divert the collected surface waters into a concrete flume designed for that purpose. As it is, the added drainage flowing down the road spills over the embankment into the claimant's yard rather than into the flume designed to contain it. If "the trouble may be remedied at a reasonable expense (as alleged), it may be regarded as temporary, but if the trouble cannot be so remedied, it should be regarded as permanent; and this is a question for the jury"—the Board of Claims here. Madisonville, H. & E. R. Co. v. Thomas, 148 Ky. 131, 146 S.W. 33. See, also, Department of Highways v. McKinney, 291 Ky. 1, 162 S.W.2d 179 and Lynn Mining Company v. Kelly, Ky., decided March 5, 1965. We think the Circuit Court properly remanded the case to the Board of Claims for a determination of whether the extension of the curbing can be done at a reasonable cost and will correct the recurring condition complained of and, if the Board of Claims so finds, it would be justified in granting the claimant compensation for the claimed damage to her property.

The judgment is affirmed.