COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

T. C. GISBORNE et al., Appellees.

Court of Appeals of Kentucky.

June 11, 1965.

Robert Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Reed D. Anderson, Madisonville, for appellant.

Paul Lewis, Hatcher & Lewis, David D. Jarrett, Elizabethtown, J. Luke Quertermous, Princeton, for appellees.

STEWART, Judge.

The Commonwealth of Kentucky, Department of Highways, purchased from T. C. Gisborne and Dorothea Gisborne, his wife, a small amount of their farm in Hardin County for widening to four lanes U. S. Highway 31–W. Paul Young, the Department's resident engineer, staked off the property supposedly obtained by the Department under a deed.

It developed that Young was mistaken about the amount of land embraced in the conveyance from the Gisbornes to the Department. A portion of their property, approximately 300 feet long and from ten to thirty feet in width, which was erroneously believed by Young to have been included as a temporary easement in the deed, was also taken and utilized. The subcontractor, Tom Ferguson Contracting Company, herein called "Ferguson," in the course of performing the construction work, proceeded to tear down the fences, clear off the trees and shrubbery and do some grading on the unacquired strip, using the stakes set out by Young as a guide for the acts done.

The Gisbornes sued Ferguson for damages who in turn filed a third-party complaint against Young and the Department. The Gisbornes by amended complaint then

made Young and the Department parties defendant, alleging they had wrongfully taken, injured and destroyed their property. At a pretrial hearing the trial court dismissed as to Ferguson and Young. Before a jury the Gisbornes later recovered $1050 from the Department.

The Department has appealed, urging as a basis for reversal: That, as the action was premised upon the negligence of the Department and its employees, the suit of the Gisbornes should have been adjudicated before the Court of Claims, pursuant to KRS 44.070 et seq.; and that, assuming arguendo there was what amounted to a taking, the Department upon payment of the award was entitled to be conveyed the land involved.

The Gisbornes have cross-appealed, contending the trial court erroneously dismissed the action as to the contractor, Ferguson.

■ Was there an unconstitutional taking of the property in controversy, as the Gisbornes argue, or merely a trespass, as the Department contends? Actually, it makes no difference whether property is condemned and appropriated for a public use, or is "injured or destroyed" for a public purpose, the owner of the property when any of these conditions occur must be justly compensated. See Section 13 and Section 242 of the Constitution of Kentucky. See also Lehman v. Williams, 301 Ky. 729, 193 S.W.2d 161. It does not matter whether the taking or injuring was permanent or temporary. See Mercer County v. Ballinger, 238 Ky. 120, 36 S.W. 2d 856.

■ Therefore, since we conclude this was a condemnation proceeding in essence, or the acts of the Department constituted what is sometimes called a condemnation in reverse, the proper forum for court action was in the county where the land lay, namely, in Hardin County. See KRS 177.-082.

■ The next contention is that the Department should have received a deed to the property affected by this litigation. As the sole issue involved was the amount of compensation, if any, to be paid for the use of or injury to the strip of land, the trial court did not err when it refused to order that the strip be conveyed to the Department. Admittedly there was no taking of the land itself; hence, there was no necessity for a deed. Cf. Keck v. Hafley, Ky., 237 S.W.2d 527.

In their cross-appeal, the Gisbornes take the position that the trial court committed error in not allowing the contractor, Ferguson, along with the Department, to be proceeded against as a defendant in this action. We have held a contractor building a road is liable for damages which result from his own negligence or from his unauthorized acts on property off the right of way. See Combs v. Codell Construction Company, 244 Ky. 772, 52 S.W.2d 719.

■ The trial court found that, although Ferguson in the performance of the contract trespassed on the land of the Gisbornes and damaged it, such acts were done pursuant to the plans furnished him by Young, the engineer in charge of the work for the Department. The latter admitted the temporary easement intended to be acquired was, through error, not included in the description of the deed the Department obtained from the Gisbornes. Thus the injury to the land was solely due to a "mistake" of the Department. Cf. Commonwealth, Department of Highways v. Thacker, Ky., 384 S.W.2d 79. It follows that any recovery from Ferguson could have been recouped from the Department.

The Gisbornes obtained relief from the one alone chargeable with the duty to give them full redress for the injury to their property.

Wherefore, the judgment is affirmed on the appeal and on the cross-appeal.