**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Clabe WATSON et al., Appellees.**

Court of Appeals of Kentucky.

June 20, 1969.

Rehearing Denied Nov. 21, 1969.

John B. Breckinridge, Atty. Gen., Don Duff, Department of Highways, Frankfort, Eugene H. Clark, Manchester, for appellant.

G. G. Teague, Jr., Williamsburg, for appellees.

DAVIS, Commissioner.

Clabe Watson and his wife obtained a verdict and judgment for $5500 against the Department of Highways based upon their claim that the Department's construction of I–75 and two service roads caused such diversion of water drainage as to damage the property of the appellees by flooding.

The appellant presents three grounds for reversal: (1) A directed verdict should have been given for the appellant; (2) the trial court erred in denying appellant's motion for continuance; and (3) the court erred in informing the jury of a motion to discharge the jury.

The Department earnestly contends that it was entitled to a directed verdict in its favor on the basis that its witnesses testified that no additional watershed had been tapped by reason of the construction of the three roadways. The Department argues that the only evidence for the appellees to the contrary was incompetent because it came from the lips of witnesses who professed no qualifications as to civil engineering or water-drainage matters. It was shown by appellees that prior to the construction of the highways there had been only one incident of flooding, and it was explained that the flooding was caused by the obstruction of a drainage branch by a

refrigerator which had washed down the branch and become lodged in it.

For the appellant it was shown that a tiled drain running under Sixth Street, the roadway immediately in front of appellees' property, had become clogged and stopped up as a result of sewer construction performed by the City of Williamsburg. The Department had no obligation to maintain Sixth Street. As noted, the Department's engineering witnesses did testify that no additional watershed had been tapped incident to the construction of the new roads. It was also shown that the flooding was substantially eliminated after the branch had been cleaned out and plowed by the appellees' son.

■ This action was practiced as a "reverse condemnation" proceeding on the theory that the Commonwealth's invasion of the appellees' property was a "taking" within the meaning of Sections 13 and 242 of Kentucky's Constitution. The evidence presented for the appellees clearly was enough to warrant the jury's inference that the various construction and relocation activities of the Department brought about such a change in the flow of water as to cause substantial damage to the appellees. In light of this fact we regard Keck v. Hafley, Ky., 237 S.W.2d 527, as dispositive of the case at bar. A pertinent quotation from Keck illustrates the similarity of the cases:

"The facts in that case are most similar to those shown here. The construction of the highway wrought a change in the channel of a stream so that water now floods appellee's land during normal rainfall. This has resulted in washing away the top soil, damaging crops, creating gullies, and destroying the use of some of the property for the purpose of cultivation. This impairment in the usability of the land clearly constitutes a taking of it." Id. 237 S.W.2d 529.

More recently in Commonwealth, Department of Highways v. Robbins, Ky., 421 S.W.2d 820, this court recognized the proposition that a property owner may have recovery against the Commonwealth for water damage if, by reason of the Commonwealth's conduct, surface water is unreasonably diverted from its natural course of drainage and cast upon the claimant's land where it had not previously flowed.

Klutey v. Commonwealth, Department of Highways, Ky., 428 S.W.2d 766, has little, if any, application to the issue before us. In Klutey, the Department was seeking an injunction to prevent the lower owner from obstructing the flow, and the lower owner counterclaimed seeking an abatement of the Department's maintenance of the drainage system. There had been a previous condemnation suit between the property owner and the Department, and the trial court concluded that the question of diminution of value attributable to drainage problems had already been litigated between the parties.

■ We regard as competent the evidence of appellees' lay witnesses who explained their knowledge of tapping a new watershed. We recognize the general rule that nontrained persons may not give opinion evidence touching matters requiring specific expertise and training but feel that the rule is inapplicable in the present case. The lay witnesses were perfectly competent to tell of the change in the flow of certain waters brought about by cutting down certain grades which had formerly existed. These witnesses were also competent to relate their observations of the quantity of water in the drainage system as it existed before and after the highway construction. But whether a new watershed was tapped or not, the Department is liable if its conduct unreasonably changed the existing water courses so as to substantially damage the property of the appellees.

■ The Department urges that the conduct of the City of Williamsburg in par-

tially obstructing the drain under Sixth Street was the proximate cause of the damage to appellees and superseded any actionable conduct of the Department. The difficulty with this premise is that there was no definitive showing that the obstruction of the drainage tile under Sixth Street caused or contributed to the damage of which appellees complain. The jury could have accepted the Department's view in this respect, but the evidence was not so overwhelming as to compel such a conclusion. It follows, therefore, that the trial court properly denied the Department's motion for a peremptory instruction.

■ We find no merit in the Department's contention that the court erred in overruling its motion for a continuance. The Department points out that originally the appellees sued the road contractor, the City of Williamsburg, and Whitley County and that the Department was later brought in as a third-party defendant. Sometime prior to the trial, the contractor was absolved by order of the court, and on the day of trial the action was dismissed as against the City of Williamsburg and Whitley County, leaving the Department as the only defendant. The Department contends that it was put at a disadvantage by this since it had prepared its defense under the belief that the city and county would be codefendants. The Department does not point out in what respect its defenses would have been changed nor does it suggest any witness or witnesses it could have obtained had a continuance been granted. In short, the Department completely fails to suggest any prejudice to it by reason of the court's order denying a continuance.

■ When the lawyers and the trial judge returned from a discussion in chambers, they observed some of the jurors standing quite near a witness for the appellees whose testimony was being introduced when the hearing in chambers was called. The Department promptly moved the court to set aside the swearing of the jury and continue the case, based upon alleged misconduct of the jurors. The trial judge heard evidence in chambers which disclosed that there had been no improper conversation by the jurors or in the presence of the jurors by anyone connected with the case. After satisfying himself that nothing irregular had occurred, the trial judge overruled the Department's motion to set aside the swearing of the jury and for continuance. In an effort to forestall any further possible irregularities, the trial judge admonished the jury and included in his admonition the following language of which the Department complains:

"Now a motion was made to set aside the swearing of the jury because Mr. Moses was sitting in the witness chair and as close, I would say within four or five feet from you. We have to be circumspect and like Caesar's wife, above suspicion. Even though nothing happened, the rules are laid down that you must not do anything or talk to any of the parties or any of the witnesses. I overruled that motion but I want to admonish you to be sure not to associate with any of the parties or any of the witnesses during the progress of this trial."

The Department calls attention to Robinson v. Lunsford, Ky., 330 S.W.2d 423, 77 A.L.R.2d 1248, in which this court recognized that it was improper for the trial judge to apprise the jury of a motion made in chambers to discharge the jury. In Robinson, it was held that the court's error in so informing the jury was not prejudicial. The Department reasons that the present case is distinguishable from Robinson since the jury was bound to have deduced that the Department had made the motion inasmuch as the witness mentioned was a witness for appellees. The Department argues that the jury was informed that the Department's attorney suspected their integrity; hence, the jury was prej-

udiced against the Department on account of the court's improperly informing the jury of the motion made in chambers. Again we note that it was improper for the trial court to call to the jury's attention the motion made to discharge the jury, but again we feel that the admonition was not calculated to work the prejudicial result suggested by the Department.

It is appropriate to note that the Department does not contend that the verdict is excessive nor is any argument presented that the damage was temporary instead of permanent, so we do not have those questions on appeal and express no view regarding them.

The judgment is affirmed.

MONTGOMERY, C. J., and MILLIKEN, OSBORNE, PALMORE, REED, and STEINFELD, JJ., concur.