**STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Relator,**

v.

**The Honorable J. O. SWINK, Judge of the Circuit Court of Perry County, Missouri, Respondent.**

No. 59155.

Supreme Court of Missouri, En Banc.

June 14, 1976.

---

John Yarbrough, Legal Counsel for State Highway Commission, Kirkwood, and Bruce Ring, Jefferson City, for relator.

John Schneider and Samuel Richeson, Hillsboro, for respondent.

BARDGETT, Judge.

The issue in this case is whether a property owner may maintain a suit against the State Highway Commission of Missouri (commission) for damages occasioned by the taking or damaging of real property by the state of Missouri for public use in the county where the land lies or must the landowner sue in Cole county, Missouri, where the commission has its principal office.

Relator, the commission, filed an original action in the Missouri court of appeals, St. Louis district, seeking a writ of prohibition against respondent judge of the circuit court of Perry county, Missouri, to prevent him from exercising jurisdiction over the commission which is the defendant in the underlying "inverse condemnation" case styled *Alfred A. Berkbigler et al., v. Missouri State Highway Commission et al.,* cause No. 9295. The court of appeals issued its preliminary writ of prohibition and later, by opinion, made its preliminary writ absolute holding that the suit could only be maintained in Cole county. In due course, respondent filed a motion in the court of appeals for rehearing or, in the alternative, for an order transferring the cause to the Supreme Court of Missouri. The court of appeals denied the rehearing but sustained the motion for transfer and ordered the case transferred here pursuant to Art. V, sec. 10, Mo.Const., and Rule 83.02. Parts of the court of appeals opinion are utilized without use of quotation marks.

█ For reasons stated infra, the court holds that venue of a suit for the taking or damaging of private property for public use by the commission is in the county where all or part of the land lies and, therefore, the preliminary writ of prohibition is discharged.

The underlying suit was commenced on July 20, 1973, by Berkbigler in the circuit court of Perry county against the commission and R. B. Potashnick, a private contractor. In that suit Berkbigler sought damages for injury to his property allegedly occasioned by the state's construction of a road. According to Berkbigler's petition, the commission in 1970 had condemned a portion of his land for the construction of interstate highway 55 in Perry county, Missouri, in an action styled *State of Missouri ex rel. State Highway Commission v. Arthur W. Ruehling et al.*, cause No. 8970, circuit court of Perry county and for which he was compensated. The petition further alleged that in the construction of the highway further property rights of Berkbigler were taken, or land not actually appropriated damaged, for which he seeks compensation. Having been duly served, the commission appeared specially and moved to quash the service of summons on the ground that venue of actions against the commission is in Cole county where the commission has its principal office. On April 12, 1974, the respondent circuit judge overruled the motion after which the commission filed this proceeding in the court of appeals, St. Louis district, as noted above.

█ The parties have referred to this as an inverse condemnation case. It should be recognized at the outset that there are at least two types of factual situations which give rise to a suit by a landowner for damages against a condemning authority. One situation is where the authority, having condemnation power, does not condemn a parcel of property but, nevertheless, through mistake or design, actually appropriates the property to public use, i. e., the highway commission constructs a road over land, part of which was not taken in the condemnation case. Another situation is where the condemning authority does not actually appropriate the property itself to public use but, as a direct consequence of the improvement, the land which has not been condemned nor taken is damaged. An example of the latter type is *Wells v. State Highway Commission*, 503 S.W.2d 689 (Mo. 1973). In this kind of situation, the title and use of the damaged property remains in the landowner. In the first example the whole use of the property is in the condemning authority and remains there for so long as the property is in public use.

The Missouri constitution protects the landowner against both types of conduct by a condemning authority. Art. I, sec. 26, Mo.Const., provides in part: "That private property shall not be taken or damaged for public use without just compensation. Such compensation shall be ascertained by a jury or board of commissioners of not less than three freeholders, in such manner as may be provided by law; and until the same shall be paid to the owner, or into court for the owner, the property shall not be disturbed or the proprietary rights of the owner therein divested." This constitutional provision is self-enforcing. *McGrew v. Granite Bituminous Paving Co.*, 247 Mo. 549, 564, 155 S.W. 411, 415 (1912); *Wells v. State Highway Commission, supra*, at 693. It appears from the pleadings in the underlying suit of Berkbigler that the instant case is similar to *Wells*.

█ The commission has the power to initiate condemnation proceedings in the name of the state of Missouri to acquire, inter alia, the right-of-way for the location, construction, reconstruction, widening, improvement or maintenance of any state highway or any part thereof (sec. 227.-120(1), RSMo 1969), and is required to proceed in accordance with the provisions of chapter 523, RSMo., insofar as that chapter is applicable to the commission (sec. 227.-120(13), RSMo 1969).

Section 523.010 requires the condemnation suit to be filed in the county where the land or any part thereof lies (*State ex rel. State Highway Commission v. McDowell*, 236 Mo.App. 304, 152 S.W.2d 223 (1941)),

and all parties to the suit are entitled to a jury trial as to damages (sec. 523.060, RSMo 1969), and that jury trial as to damages would, of course, take place in the county where the suit was filed in the absence of a change of venue.

In *State ex rel. State Highway Commission v. Day*, 327 Mo. 122, 35 S.W.2d 37, 38 (banc 1930), this court held that, "The exercise of the power of eminent domain has been delegated by the Legislature to the state highway commission and to various municipal and public services corporations, but not to the courts. The condemnor in every case, in the exercise of a discretion not subject to judicial review, makes its own appropriation of private property for public use. When it pays to the owner of the property so appropriated just compensation, the title [interest acquired] passes by operation of law. *The only function that the court performs in a condemnation proceeding is in the ascertainment of just compensation*, unless the question of public use is drawn into the proceeding." (Emphasis ours.)

The court further held at 38 of 35 S.W.2d that, "Within the contemplation of the statute [Laws 1921, 1st Ex.Sess. p. 131, creating the state highway commission, now sec. 226.010 et seq., RSMo 1969], *the commission is* not a number of individuals; it is an artificial legal entity—*a quasi public corporation*, empowered as such to contract and to sue and be sued." (Emphasis supplied.)

Section 523.090, RSMo 1969, provides:

"In case property is to be, will be, or has been by any corporation damaged for public use, any person interested may have such damages ascertained. The proceedings for ascertaining and paying such damages shall be the same as are and may be provided by law for assessing damages which owners of land may sustain in consequence of its appropriation for railroad purposes."

The proceedings for assessing damages which owners of land may sustain in consequence of its appropriation for railroad purposes are governed by sec. 423.010.

Section 227.120(13), as noted supra, requires the commission to also proceed under chapter 523. The proceedings under chapter 523 are to be instituted in the county where all or part of the land lies.

Thus, it clearly appears that the legislature, by requiring the commission to proceed in accordance with chapter 523, intended that the judicial determination of damages suffered by a landowner be made in the county where all or part of the land lies. That is to say that the legislature has determined, and by chapter 523 declared, that venue in these types of cases is in the county where the land lies.

Only two other jurisdictions have been discovered which have ruled directly on the issue of venue in inverse condemnation actions, *Commonwealth, Department of Highways v. Gisborne*, 391 S.W.2d 714 (Ky.1965), and *State v. Hollis*, 93 Ariz. 200, 379 P.2d 750 (1963). In both cases venue was found to lie in the county where the land was located. In *State v. Hollis*, the state highway department made improvements on a highway in Gila county which resulted in the raising of the roadway five to eighteen feet over the adjoining property and the construction of a drainage ditch next to the property line. The state having commenced no condemnation proceedings, the landowners filed suit in Gila county seeking to recover damages for impairment of access to their property. A jury awarded $85,450 to plaintiffs and the state appealed. The only assignment of error found to satisfy the rules of the court related to the state's statutory power to demand a change of venue to Maricopa county, A.R.S. sections 12–821 and 12–824(B). The court in *Hollis* found that plaintiffs' complaint was in inverse condemnation and that the change of venue provisions were only applicable to actions in contract or tort. The court held at 751 of 379 P.2d:

"That the landowner, in default of proper condemnation action by the State, must himself institute proceedings to secure compensation does not change the essential nature of the cause of action. It is still in the nature of a condemnation of a private prop-

erty right by the State under the sovereign right of eminent domain. The property involved is located in Gila County and the action was properly brought in that county."

Venue was thus controlled by A.R.S. 12–1116(A) which provides that: "All actions for condemnation shall be brought as other civil actions in the superior court of the county in which the property is located."

Kentucky courts have also ruled directly on the issue of venue in inverse condemnation actions. In *Commonwealth, Department of Highways v. Gisborne, supra*, the state highway department purchased a small amount of plaintiff's farm in Hardin county for the purpose of widening a highway to four lanes. Due to a mistaken measurement by a highway department employee, a subcontractor for the department graded an unacquired strip of plaintiff's land. The plaintiff sued the subcontractor who joined the highway department by a third-party complaint. A jury awarded the plaintiff $1,050 against the department. The department appealed. The court of appeals, at p. 716, viewed the action as a condemnation in essence, or "what is sometimes called a condemnation in reverse." Venue in such an action was said to be controlled by K.R.S. 177.082 and thus to lie in Hardin county.

K.R.S. 177.082 is the general venue statute for condemnation proceedings. This statute provides in part that: "The commonwealth of Kentucky, department of highways, when seeking to condemn lands and material and the use and occupancy of lands, under the provisions of K.R.S. 177.-081, shall direct the county attorney or any attorney authorized to represent the commonwealth to file a petition in the office of the county court clerk *in the county in which all or the greater portion of the land or material is located.*" (Emphasis added.)

It is noted that neither Kentucky nor Arizona has a statute specifically stating that inverse condemnation suits and suits for damages to property consequent to a taking are to be brought in the county where the land lies.

In both of the cases cited supra, the courts of Kentucky and Arizona relied upon the statute requiring the condemnation suit to be brought in the county where the land lies as the statutory foundation for the decisions that inverse condemnation cases also lie in the county where all or part of the land lies. Consideration was also given to the nature of the proceedings. In Kentucky and Arizona, as in Missouri, the primary function and purpose of the court proceedings in condemnation actions is to decide just compensation. That is also the primary function of inverse condemnation actions. The proceedings are basically the same with the burden of proof as to damages on the landowner in both instances. See MAI 2.01, note 1.

There is dicta in one decision of the court of appeals, St. Louis district, reflecting an understanding that venue in an inverse condemnation action against the state would lie in Cole county only, *Luttrell v. State Highway Commission*, 379 S.W.2d 137 (Mo. App.1964). The opinion in that case cites no authority as a basis for its understanding. It was also noted that the issue of venue was not before the court because the original action had been brought for ejectment, *Luttrell v. State Highway Commission, supra*. At least two inverse condemnation suits against the highway commission which reached an appellate court were brought in the county where the land was situated, *Marvin E. Nieberg Real Estate Co. v. St. Louis County*, 488 S.W.2d 626 (Mo.1973), and *Wells v. State Highway Commission, supra*. We do not know how many others, if any, have been litigated in the county where the property lay but not appealed. Respondent relies heavily on *Wells* arguing that the case establishes that venue in inverse condemnation actions must be at the situs of the property. The issue of venue, however, was not raised in *Wells* or in *Nieberg* and, therefore, the cases are not definitive on the subject matter of the present action. A case advanced by the relator to establish that section 508.030 has been held not to control in inverse condemnation actions against the state is similarly

unconvincing. In *Hamer v. State Highway Commission*, 304 S.W.2d 869 (Mo.1957), the plaintiff brought an inverse condemnation action alleging a "taking" of land in Clay county. The plaintiff chose to bring the action in Cole county. If section 508.030 controlled the venue in the action, the suit theoretically should have been dismissed on a procedural ground of improper venue because venue under this statutory section has been held to be jurisdictional and non-waivable, *Howell v. Reynolds*, 249 S.W.2d 381, 383 (Mo.1952); *Hughes v. Spence*, 409 S.W.2d 701, 705 (Mo.1966); *March v. Gerstenschlager*, 322 S.W.2d 743, 744 (Mo.1959); and *Sisk v. Molinaro*, 376 S.W.2d 175, 177 (Mo.1964). The court in *Hamer* did not dispose of the case on the venue question but rather examined the merits. The relator argues that this case should be read as implicitly deciding that venue in an inverse condemnation action against the state lies only in Cole county. The opinion in *Hamer*, however, contains absolutely no discussion of the issue of venue. It should be observed that neither the plaintiff nor the defendant had any motivation to raise the issue of venue. This court is most reluctant to base the important decision in this case on an opinion in which the issue of venue was never raised and in which the court held that on the merits the plaintiff had failed to state a cause of action in inverse condemnation by failing to establish state action amounting to a "taking".

The commission cites *State ex rel. State Highway Commission v. Bates*, 317 Mo. 696, 296 S.W. 418 (banc 1927), which was prohibition to prevent the circuit court of Jasper county from proceeding in a suit brought by plaintiffs-partners, d/b/a Highway Construction Company against the commission alleging a breach of contract and seeking damages therefor. This court made its writ absolute on the holding that the commission is, by statute, required to maintain its principal office in Jefferson City (Cole county), Missouri, and service is to be had on the commission by serving its secretary. The secretary is required to reside at Jefferson City, Missouri.

*State ex rel. State Highway Commission v. Billings*, 123 S.W.2d 170 (Mo.1938), also cited by the commission, was prohibition to prevent the circuit court of Stoddard county from proceeding in an action by Pike township, a political subdivision of Stoddard county, against the commission. Pike township sued to recover $4,556 for 2.461 miles of road taken over as part of the state highway system under sec. 8127, RS 1929 (now sec. 227.140, RSMo 1969), and the court, following *Bates*, made its temporary writ of prohibition absolute.

Neither of the above actions arose out of the taking or damaging of private property for public use and, of course, the causes of action in the cited cases are not the subject of any of the provisions of chapter 523 (condemnation proceedings). It is the provision of chapter 523 which requires the condemnation action to be filed in the county where all or part of the land lies, and the recognition that the court's function in condemnation cases is restricted to the determination of damages (except where public use is in issue) that persuades this court that the legislative intent, per force chapter 523, is that damages for land taken or damaged for public use is to be decided in the county where the land lies. Chapter 523 is, in effect, a special venue act for this type of action.

The commission urges that it should not have to appear in courts all over the state to defend against charges of taking or damaging private property for public use; that this would dissipate public funds.

If the commission proceeds as the law requires by the filing of the condemnation case itself, then it will be litigating in the county where the land lies. It is difficult to understand why the condemning authority ought to be able to avoid the local forum by simply not proceeding according to law and requiring the landowner to institute suit himself.

It seems obvious that the action known as the condemnation suit (chapter 523) exists for a singular purpose—to give meaning to the constitutional prohibition against taking or damaging private property for public

use. If it were legal to take property without paying for it, then why have any proceeding to assess the damages? Whether the action be brought by the condemning authority or, in default of such action, by the landowner, it exists for the protection of constitutional rights under the Missouri constitution. In order to accomplish that protection, the legislature has declared that the proceedings by the condemning authority be filed where the land lies. The court holds that actions by the landowner against the commission for the assessment of damages resulting from the taking or damaging of private property for public use may be instituted in the same county where the condemnation action, had it been filed, would have to be instituted pursuant to chapter 523—the county where all or part of the land lies.

The preliminary writ of prohibition heretofore issued is quashed.

All of the Judges concur.