**Zondola JONES, Bennie Frank Jones and LeAnne Jones, his wife, Appellants,**

v.

**COMMONWEALTH of Kentucky, TRANSPORTATION CABINET, DEPARTMENT of HIGHWAYS, Appellee.**

No. 92–CA–001490–S.

Court of Appeals of Kentucky.

Sept. 3, 1993.

As Modified Sept. 24, 1993.

Rehearing Denied Nov. 5, 1993.

Discretionary Review Denied by Supreme Court June 15, 1994.

Lawrence R. Webster, Pikeville, for appellants.

Dale B. Mitchell, Lexington, for appellee.

Before EMBERTON, JOHNSON and MILLER, JJ.

JOHNSON, Judge.

This is a special appeal wherein appellants, Zondola Jones, Bennie Frank Jones, and LeAnne Jones filed a complaint in Pike Circuit Court alleging that the Commonwealth of Kentucky, Transportation Cabinet, Department of Highways, has taken their land for public use without just compensation. The circuit court granted the Commonwealth's motion for summary judgment, and dismissed the complaint as barred by the statute of limitations. We reverse.

■ Ordinarily, the law of eminent domain requires that prior to such a "taking" occurring that land be condemned. Appellants, however, brought this action as a "reverse condemnation" action. A "reverse condemnation" action differs from an ordinary condemnation action in that the land has already been taken by the government. *Com., Dept. of Highways v. Gilles,* Ky., 516 S.W.2d 338, 339 (1974). Here, appellants seek just compensation after the taking. "Recovery [is] permitted ... on the theory that when the acts of the state constitute [ ] a taking of property, the law [implies] an agreement to pay for it." *Curlin v. Ashby,* Ky., 264 S.W.2d 671, 672 (1954).

In this case, the "taking" allegedly occurred on October 18, 1989 as a result of the construction of U.S. Highway 23 by the Department of Highways that occurred in 1978 and 1979. In the course of said construction, the Department of Highways allegedly dumped boulders into and along the banks of Caney Creek. This narrowed and diverted the natural flow of the water, which ultimately on October 18, 1989, resulted in the washing away of forty feet of land, a barn, and a chicken house on appellants' property.

■ The issue on appeal in this case is whether the trial court erred in dismissing the complaint based on the statute of limitations. KRS 413.120(1) sets the limitation for bringing an action based on an implied contract at five years. Therefore, a "reverse condemnation" action based on a promise to pay must be brought within five years from the date of the accrual of the action.

■ From the very nature of a "reverse condemnation" action there can be no breach of the implied promise to pay until first there has been a compensable "taking." "[T]he cause of action would not accrue until the complaining party had suffered an injury." *Lynn Mining Co. v. Kelly,* Ky., 394 S.W.2d 755, 758 (1965). In the present case, the compensable "taking" allegedly occurred on October 18, 1989, and the complaint was filed on April 24, 1991, well within the five-year period provided by KRS 413.120(1).

It is understandable that the present case has generated some confusion since the facts of the present case are superficially analogous to those of *Curlin v. Ashby, supra.* In *Curlin,* plaintiff alleged that in 1927 "the Highway Department constructed a fill across his property without providing sufficient outlets for the drainage of the watershed above the fill." *Curlin, supra* at 672. As a result, in 1950, his land and crops were damaged by runoff. In *Curlin,* the Court held that plaintiff's right of action arose in 1927 and hence was barred by KRS 413.-120(1). *Curlin, supra* at 673.

*Curlin* is an atypical "reverse condemnation" case in that the offending structure was actually placed on plaintiff's property in 1927 by the Commonwealth. The instant case is distinguishable in two respects. First, Caney Creek was not placed on appellants' property at some fixed point in time by the Commonwealth. Unlike the plaintiff in *Curlin,* appellants were neither on notice of the specific problem nor in a position to demand correction until *after* actual damages were suffered. Second, the fill across plaintiff's property in *Curlin* was in itself objectionable to the plaintiff in 1927 due to an insufficient number of drainage outlets. The dumping of boulders into and along the banks of Caney Creek was not in itself objectionable to appellants in 1978 and 1979 since the 1989 results were unforeseeable to appellants in 1978 and 1979. Obviously, if appellants had filed their lawsuit in 1979, it would have been dismissed because they had not been damaged at that time. Any allegation of damage by appellants in 1979 would have been pure speculation.

Consequently, the granting of summary judgment by the Pike Circuit Court against

the appellant landowners was error. We reverse and remand for further proceedings consistent with this Opinion.

MILLER, J., concurs.

EMBERTON, J., concurs in result only.