Patricia CRUM, Appellant,

v.

COMMONWEALTH of Kentucky, CABI-
NET FOR HUMAN RESOURCES;
M.D.S.; J.L.C.; and A.D.S., Appellees.

No. 95–CA–2314–MR.

Court of Appeals of Kentucky.

June 14, 1996.

Case Ordered Published by
Court of Appeals Aug. 23, 1996.

**356**

Mary Phillips, Paintsville, for Appellant.

J. William Hernandez, Frankfort, for Appellee.

Before GARDNER, HOWERTON and SCHRODER, JJ.

HOWERTON, Judge.

Patricia Crum appeals from orders of the Martin Circuit Court terminating her parental rights with respect to her minor children, M.D.S., A.D.S., and J.L.C. Finding no error, we affirm.

In August of 1992, Crum's minor children were removed from her home and placed in foster care. Our review of the record indicates that the Cabinet for Human Resources (Cabinet) had been dealing with Crum since 1986 and this was not the first removal of the children from Crum's care. On May 5, 1993, the Cabinet filed a petition for involuntary termination of parental rights against Crum. The Cabinet alleged in the petition that the children were abused and neglected as defined in KRS 600.020. Specifically, the Cabinet alleged that Crum had inflicted or allowed to be inflicted serious physical injury to the children; had inflicted or allowed to be inflicted physical injury or emotional harm to the children; had failed to provide essential parental care and protection to the children; and had allowed the children to be sexually abused or exploited.

A bench trial was conducted in the circuit court on March 24, 1994, and again on April 29, 1994. The court entered judgments and orders on July 13, 1995, terminating Crum's parental rights with respect to all three children. This appeal followed.

Crum first argues that the trial court failed to make a record of its interview with the children as required by KRS 625.080, which provides that in an involuntary action for termination of parental rights, the children to whom the action relates shall be made parties to the action and a guardian ad litem appointed to represent them. Further, subsection (2) provides that "[i]n its discretion, the circuit court may interview the child in private, but a record of the interview shall be made, which, in the discretion of the court, may be sealed to be used only by an appellate court."

At the close of the trial on April 29, 1994, the judge indicated his intention to interview the children. However, there is absolutely no indication from the record that the interview actually occurred. As such, we cannot find that the court erred in failing to make a record of an interview which does not appear to have taken place.

Crum next argues that the trial court erred in allowing the testimony of Dr. Michael Joseph Pravetz, although he was not disclosed to Crum until the afternoon prior to the March 24 hearing. We disagree. The transcript indicates that the judge provided

Crum's counsel the opportunity to cross-examine Dr. Pravetz at a future date to allow for additional preparation. Further, the trial was not concluded on the initial date. Crum had the opportunity to conduct a further examination of Dr. Pravetz during the April 29 continuation of the proceedings and failed to do so. Although we do not condone the action of the Cabinet in failing to disclose a material witness, we find that no prejudicial error resulted in this case.

■ Crum also argues that the trial court failed to state specifically the facts justifying a termination of parental rights as required by CR 52.01. We are of the opinion that the court did, in fact, make essential findings of fact which are incorporated into the orders. Nevertheless, Crum had the opportunity and the right to make a request for more specific findings and elected not to do so. Accordingly, any alleged error is waived on appeal. CR 52.04; *see also Whicker v. Whicker*, Ky. App., 711 S.W.2d 857 (1986).

■ Crum further argues that the trial court erred in allowing the testimony of the foster parent as to whether she believed that the children had been sexually abused. Although counsel for the Cabinet unartfully phrased his questions during redirect examination, the disputed question merely asked whether or not the foster parent had any reason not to believe that the children were treated in the sexual manner that she had described in her direct testimony. We agree with Crum that a foster parent does not qualify as an expert witness competent to testify as to the existence of sexual abuse. *Commonwealth Department of Highways v. Watson*, Ky., 446 S.W.2d 294 (1969). However, we do not find that the question, as it was ultimately propounded, was objectionable. Further, given the fact that this was a bench trial, Crum was not unfairly prejudiced, as would possibly be the case in a jury trial.

■ Crum next argues that the trial court improperly allowed testimony consisting of out-of-court statements made by the children. Crum cites to *Souder v. Commonwealth*, Ky., 719 S.W.2d 730 (1986), a criminal case in which our Supreme Court held that the out-of-court statements made by a minor

victim regarding the sexual abuse were inadmissible hearsay. We agree that children's statements would be improper in a criminal case. However, the facts before us are distinguishable in that we are dealing with a termination of rights action, not a criminal matter.

In *L.K.M. v. Dept. for Human Resources*, Ky.App., 621 S.W.2d 38 (1981), also a termination of parental rights case, this Court concluded that out-of-court statements by the children in response to informal court questioning were admissible under *Jett v. Commonwealth*, Ky., 436 S.W.2d 788 (1969). Further, and more applicable to the facts at hand, we also concluded that the statements were admissible under the exception to the hearsay rule allowing declarations that reveal a person's state of mind. *L.K.M.* at 40. We disagree with Crum's contention that the court's orders were based solely upon this testimony, and conclude that the statements were properly admitted as additional evidence of Crum's parental conduct.

■ Finally, Crum argues that the termination orders are not supported by sufficient clear and convincing evidence. Again, we must disagree. Crum has attempted to go through the record and justify to this Court the evidence that was presented at trial. We cannot re-evaluate the testimony or substitute our judgment for that of the trial court. Our function is simply to determine whether the judgments were supported by sufficient and probative evidence in the record, and we believe that they were.

KRS 625.090(1)(d) and (f) allows the court to terminate parental rights if it finds:

(d) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child;

. . . .

(f) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of

providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child.

Dr. Pravetz stated that Crum lacked the ability to protect anyone in her care and that such individuals would be at severe risk for abuse. He further testified that due to her mental retardation, Crum would be unable to meet the children's needs and that there was "no prognosis for change." In addition, the transcript from the trial is replete with testimony from social workers as to the deplorable conditions in which the children were living as well as the myriad of health problems the children experienced over a number of years.

Of the utmost importance was the testimony from the social workers and foster parent regarding the alleged incidents of sexual abuse involving numerous members of Crum's family. Although Crum contends that the incidents are unsubstantiated, we must agree with the Cabinet that the evidence and statements by the children are compelling and persuasive, given their ages and what should be a lack of knowledge of the kinds of things they described.

We conclude that there exists clear and convincing probative evidence in the record to support the orders terminating Crum's parental rights of her three minor children, and we affirm the Martin Circuit Court.

All concur.